UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.V.E.L.A., INC., <br><br>Plaintiff, <br><br>-against- <br><br>THE ESTATE OF MARILYN MONROE, LLC; BIOWORLD MERCHANDISING, and DOES 1 THROUGH 10, <br><br>Defendants. | Case No.: 12 Civ. 4828 (KPF)(JCF) <br><br>ECF Case |
| THE ESTATE OF MARILYN MONROE, LLC, <br><br>Defendant/Counter-Plaintiff, <br><br>-against- <br><br>A.V.E.L.A., INC. and LEO VALENCIA, <br><br>Counter-Defendants. | |

## DECLARATION OF GINA L. DURHAM IN SUPPORT OF DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR SANCTIONS FOR DISCOVERY MISCONDUCT AND TO COMPEL DISCOVERY

I, GINA L. DURHAM, declare under penalty of perjury that the following is true and correct:

1. I am a partner with the law firm DLA Piper LLP (US), and counsel of record for The Estate of Marilyn Monroe, LLC ("The Estate") in the above-captioned matter. I am admitted to this Court *pro hac vice*. I make this declaration in support of the Estate's

1

Motion for Sanctions for Discovery Misconduct and to Compel Discovery. I have personal knowledge of the facts set forth below, and if called upon to testify, I could and would do so competently.

2. On August 8, 2013, The Estate was served with Plaintiff A.V.E.L.A., Inc.'s Rule 26(a) Disclousres[sic]. A true and accurate copy of that document is attached as Exhibit A.

3. Also on August 8, 2013, The Estate was served with Plaintiff A.V.E.L.A., Inc.'s Response to Defendant's First Set of Requests for Documents. A true and accurate copy of that document is attached as Exhibit B. Request Nos. 2, 4, 5, 8, 9, 10, 11, 12, 13, 14, 18, 19, 20, 21, 22, 26, 30, 31, 32 and 46 are relevant to this motion.

4. On September 10, 2013, an associate at my firm and counsel of record, Nicole Chaudhari, sent an email to counsel for the Counter-Defendants A.V.E.L.A., Inc. and Leo Valencia acknowledging that AVELA produced copyright registration certificates and requesting copies of the deposit materials submitted in connection with the applications for same. A true and correct copy of this correspondence is attached as Exhibit C.

5. Subsequently and also on September 10, 2013, Melissa Woo, counsel for Counter-Defendants, responded in an email "I have also requested the deposit copies and will produce." A true and correct copy of this correspondence is attached as Exhibit D. Opposing counsel never produced the deposit materials.

6. On September 13, 2013, I took the deposition of Liza Acuna. True and accurate copies of selected pages from the transcript of the deposition of Liza Acuna dated September 13, 2013 are attached as Exhibit E.

7. On September 26, 2013, I took a second deposition of Liza Acuna, this time in her capacity as the person most knowledgeable regarding "AVELA's past current and prospective agreements, licenses, sublicenses and contracts related to the Marilyn Monroe intellectual property and/or the AVELA licensed products," among other topics. True and accurate copies of selected pages from the transcript of the deposition of Liza Acuna dated September 26, 2013 are attached as Exhibit F.

8. On September 30, 2013, I attended the deposition of Leo Valencia. True and accurate copies of selected pages from the transcript of the deposition of Leo Valencia dated September 30, 2013 are attached as Exhibit G. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit G is filed under seal.

9. On October 1, 2013, I attended the continuation of the deposition of Leo Valencia. True and accurate copies of selected pages from the deposition of Leo Valencia dated October 1, 2013 are attached as Exhibit H. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit H is filed under seal.

10. Following his October 1, 2013 deposition, Mr. Valencia produced a document titled "Summary of Net Income Related to Marilyn Monroe Sales," which was Bates labeled AVELA002484. A true and accurate copy of AVELA002484 is attached as Exhibit I. This "summary" does not include the significant portion of sales from Mighty Fine. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit I is filed under seal.

11. Mr. Valencia has also produced documents which are titled "Balance Sheets" which were Bates labeled AVELA002408-2412. True and accurate copies of

3

AVELA002408-2412 are attached as Exhibit J. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit J is filed under seal.

12. Mr. Valencia has also produced purported "checks" for payments to V International, which are Bates labeled AVELA002414-2446. True and accurate copies of AVELA002414-2446 are attached as Exhibit K. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit K is filed under seal.

13. Counter-Defendants purport to have paid V International on December 21, 2009, as evidenced by a "check" Bates labeled AVELA002420. However, the invoices from V International that correspond to that payment were not issued until January 20, 2010, as evidenced by invoices Bates labeled AVELA002464 and AVELA002465. True and accurate copies of AVELA002420, AVELA002464 and AVELA002465 are attached as Exhibit L. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit L is filed under seal.

14. On October 15, 2013, I attended the deposition of Nick Croce. True and accurate copies of selected pages from the transcript of the deposition of Nick Croce dated October 15, 2013 are attached as Exhibit M.

15. On October 28, 2013, The Estate was served with Cross-Defendant Leo Valencia's Responses to Defendant The Estate of Marilyn Monroe, LLC's First Set of Requests for Production of Documents to Cross-Defendant Leo Valencia. A true and accurate copy of that document is attached as Exhibit N. Request Nos. 2 and 3 are relevant to this motion.

16. Counsel of record for the Estate have repeatedly requested that Counter-Defendants produce documents evidencing their ownership of intellectual property rights

4

related to artwork incorporating images of Marilyn Monroe. Based on conversations with Counter-Defendants' counsel and correspondence to them, I was under the impression that we would receive these documents prior to the resumption of Mr. Valencia's deposition on December 12, 2013. A true and accurate copy of correspondence from Ms. Chaudhari to Counter-Defendants' counsel, dated November 4, 2013 is attached as Exhibit O.

17. On November 11, 2013, Ms. Chaudhari took the deposition of David Brown. True and accurate copies of selected pages from the transcript of the deposition of David Brown dated November 11, 2013 are attached as Exhibit P. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit P is filed under seal.

18. On November 14, 2013, I took the deposition of Patricia Timsawat. True and accurate copies of selected pages from the transcript of the deposition of Patricia Timsawat dated November 14, 2013 are attached as Exhibit Q. It was during that deposition that I learned that Counter-Defendants had concealed information regarding Mighty Fine, a significant licensee of Counter-Defendants. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit Q is filed under seal.

19. Having been unable to schedule a telephonic meet and confer based on the November 4 correspondence, on November 14, 2013, Ms. Chaudhari again attempted to schedule a meet and confer with Counter-Defendants' counsel for November 19, 2013. A true and accurate copy of correspondence from Ms. Chaudhari to Counter-Defendants' counsel, dated November 14, 2013, is attached as Exhibit R.

20. Despite a reply from Erach Screwvala indicating that he was available on November 19, 2013, but needed to check with Ms. Woo, The Estate had not heard

anything from Counter-Defendants by November 18, 2013. Ms. Chaudhari again followed up with Mr. Screwvala and Ms. Woo, but did not receive a response. A true and accurate copy of correspondence from Ms. Chaudhari to Counter-Defendants' counsel, dated November 18, 2013, is attached as Exhibit S.

21. We were not able to hold a telephonic meet and confer on November 19, 2013.

22. On November 21, 2013, I took the deposition of Judith Albright. True and accurate copies of selected pages from the transcript of the deposition of Judith Albright dated November 21, 2013 are attached as Exhibit T. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit T is filed under seal.

23. On November 25, 2013, I attended the deposition of Eric Silver. True and accurate copies of selected pages from the transcript of the deposition of Eric Silver are attached as Exhibit U. Pursuant to the December 18, 2013 Sealing Order (Dkt. 43), Exhibit U is filed under seal.

24. After Ms. Chaudhari's repeated attempts to arrange to meet and confer telephonically, I managed to schedule a telephone conference with Ms. Woo, counsel for AVELA and Mr. Leo Valencia, for December 4, 2013 to discuss the outstanding discovery matters.

25. However, on December 4, Ms. Woo sent me an email indicating that she was not feeling well and our telephone call would need to be postponed. Of greater concern, her email stated that Counter-Defendants would not be producing numerous documents because Counter-Defendants could not locate them in their files. A true and accurate copy of Ms. Woo's December 4, 2013 email is attached as Exhibit V.

6

26. Finally, following the failed telephonic meet and confer with Ms. Woo on December 10, 2013, in response to an email from me, Ms. Woo reiterated her contention that Mr. Valencia could not locate any additional documents. A true and accurate copy of Ms. Woo's December 10, 2013 at 1:08 pm email is attached as Exhibit W.

27. On December 17, 2013, I viewed the webpage at http://www.urbanspecies.co.uk/search/?q=marilyn. A true and correct copy of this webpage is attached as Exhibit X. The ordering page on the website indicates that this company will ship purchased product worldwide.

28. On December 17, 2013, I viewed the webpage at http://www.licensemag.com/license-global/poetic-gem-renews-radio-days. A true and correct copy of this webpage is attached as Exhibit Y.

29. On December 17, 2013, I viewed the webpage at http://www.saborn-trading.nl/licenses/60.html. A true and correct copy of this webpage is attached as Exhibit Z.

30. Poetic Gem, Urban Species and Saborn Trading were not disclosed by Counter-Defendants at any time during discovery nor have the respective license agreements been produced.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 19th day of December 2013.

_____
Gina L. Durham