**TECHNOLOGY LITIGATION CENTER**
828 S. Marjan, Anaheim, California 92806
Telephone:  (714) 342-6987
techlitcenter@yahoo.com

September 10, 2014

**VIA E-MAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

  Re: *AVELA, Inc. v. The Estate of Marilyn Monroe*, LLC et al. 12-cv-4828(KPF)(JCF);
      Letter Motion for Extension and Consolidation of Response Date for AVELA, Inc.,
      Leo Valencia and X One X Movie Archives, Inc.

Dear Judge Failla:

This firm represents AVELA, Inc. ("AVELA"), Leo Valencia ("Valencia") and X One X Movie Archives, Inc. ("X One X") (collectively, the "Valencia Related Parties").  We write to request that AVELA and Valencia's time to respond to the First Amended Counterclaim ("FAC") be extended and consolidated with the time to respond of X One X.  The request is made due to inadvertent error of counsel for AVELA and Valencia.

On September 8, 2014, the Valencia Related Parties filed a pre-motion submission for a motion to dismiss counterclaims alleged in the First Amended Counterclaim ("FAC"), which also responded to Michael Bergman's September 5, 2014, pre-motion submission letter regarding his proposed motion to dismiss on behalf of V International.  Today, counsel for The Estate of Marilyn Monroe, LLC ("EMMLLC") filed a response to Mr. Bergman's September 5, 2014 ("EMMLLC's Response Letter"), which states (in part) that AVELA and Valencia are in default, and that their answer was due on August 15, 2014.  Dkt, 153, p. 2, n. 2.

This is the first time EMMLLC has raised the issue, or otherwise indicated that AVELA or Valencia are in default.  The Amended Counterclaim appears to have been served by ECF on July 29, 2015, making AVELA's and Valencia's responses due on or about August 18, 2014.  Accordingly, EMMLLC is correct that the deadline for AVELA and Valencia to respond has passed without timely response.

The failure to respond timely by AVELA and Valencia is entirely my inadvertent error.  I was so focused on X One X responding timely, it simply did not occur to me that AVELA and Valencia had a different response date – and I did not discover this issue until reviewing EMMLLC's response letter today.  As a result, I did not inform AVELA or Valencia that there was any other or different response date (apart from X One X's response date).  Had it

1

occurred to me, I would have either timely filed a pre-motion submission letter on behalf of AVELA and Valencia (to which X One X would have joined), or obtained an extension of time to respond from EMMLLC (or the Court) so that my clients would have had a unified response date – either of which would have left the case in essentially the same procedural position as it is in currently.  There is no prejudice to EMMLLC relating to my inadvertent error and, in fact, EMMLLC never informed me (other than through today's pre-submission letter) that the deadline to answer by AVELA and Valencia had passed – thus evidencing the lack of prejudice from any inadvertent delay.  If EMMLLC had, in fact, needed a response sooner to avoid prejudice, no doubt it would have raised the issue sooner.

At this point, in the interest of efficiency for all concerned and to avoid generating unnecessary pleadings and papers, AVELA and Valencia request that their deadline for filing a motion to dismiss be extended and consolidated with X One X's deadline.  Otherwise, practically speaking, they may need to rush to get an answer on file and then join in (as a judgment on the pleadings) with the motions to dismiss of X One X and V International – all of which is essentially form over substance.

> "When deciding whether to relieve a party from default or default judgment, [the Court] consider[s] the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky*, 249 F.3d at 171. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil*, 10 F.3d at 96.

*See e.g., Land, Air & Sea Transp. v. El Nasr Min. Co.*, 06 CV 13482 (GBD), 2007 WL 2375813 (S.D.N.Y. Aug. 16, 2007).  Here, neither a default nor a default judgment has entered, and the Valencia Related Parties have already jointly filed their pre-submission letter on the motion to dismiss the FAC – such that extending and consolidating the response deadline of AVELA and Valencia so that their response is due at the same time as X One X will make everything proceed as efficiently as possible (and with no prejudice to EMMLLC).

Accordingly, AVELA and Valencia request that their deadline for responding to the FAC be extended and consolidated with X One X's deadline (which is stayed pending the Court resolving the pending pre-submission letter of X One X, AVELA and Valencia regarding their proposed motion to dismiss).  Once again, on behalf of myself and my firm, I offer my sincerest apologies for what was truly an inadvertent error on my part.

Sincerely,

*/s/ Michael R. Adele*

Michael R. Adele

cc:   Gina I. Durham (gina.durham@dlapiper.com)
      Tamar Y. Duvdevani (tamar.duvdevani@dlapiper.com)
      Michael Bergman (mbergmanesq@me.com)