# TECHNOLOGY LITIGATION CENTER, APC
828 S. Marjan, Anaheim, California 92806
Telephone:  (714) 342-6987
techlitcenter@yahoo.com

<u>VIA E-MAIL</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

      Re: *AVELA, Inc. v. The Estate of Marilyn Monroe*, LLC et al. 12-cv-4828(KPF)(JCF); Protective Order regarding EMMLLC's Amended Depositions

Dear Judge Failla:

In accordance with this Court's rules of individual practice, rules 3(C) and 4(A), I am writing on behalf of X One X Movie Archive, Inc. ("X One X") to request an informal conference with this Court to discuss X One X's Motion for Protective Order regarding EMMLLC's pending amended deposition notice. The parties met and conferred in good faith by telephone on July 6, 2015; however, the meet and confer process ultimately proved unsuccessful in resolving the dispute.

On June 26, 2015, EMMLLC submitted deposition notices for Liza Acuna, Teresa Acuna, Stephen Hawkins, V International's person most knowledgeable, and X One X's person most knowledgeable. As mentioned above, X One X and V. International Fine Arts Publishing, Inc. ("V International") met and conferred with EMMLLC on July 6 to discuss these deposition notices. During the meet and confer, X One X expressed its concern over the following:

- EMMLLC sought to hold five more depositions in excess of its 14 depositions already held without first obtaining leave of the Court, in violation of FRCP 30(a)(2)(A)(i);
- EMMLLC sought to force X One X's person most knowledgeable to attend a deposition in New York city, approximately 2,500 miles from X One X's principal place of business, *See* Write, Miller & Marcus, Federal Practice and Procedure: Civil 2d, § 2112 at 84-85 (1994) ("The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business"); *see also Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010) (finding a "general presumption" among court that "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business"); and

- EMMLLC's depositions would result in a waste of time and resources since this Court had not yet ruled on its motion to dismiss EMMLLC's claims and since it had not yet had an opportunity to file answers or counterclaims in response to EMMLLC's Amended Complaint, and would unnecessarily inconvenience X One X's corporate designee, who has already been deposed for three full days, and who should not be required to sit for more than one more full day of deposition on the new allegations raised by the amended complaint and the cross-claims that will be pled when the motions to dismiss are resolved. EMMLLC, by contrast, will not be prejudiced if they wait until the pleadings are at issue before deposing X One X.

Following the meet and confer, the parties agreed (for the time being) to postpone indefinitely the deposition notices for Liza Acuna, Teresa Acuna, V International, and X One X. The parties agreed that Stephen Hawkins' deposition would proceed on July 30, 2015; Stephen Hawkins deposition proceeded as planned on July 30, 2015. The parties also agreed X One X and V International would send a letter to this Court reminding it of the parties' pending motion to dismiss EMMLLC's claims; X One X and V International sent the letter to this Court on July 8, 2015.

On August 4, 2015, EMMLLC sent amended deposition notices for Liza Acuna, Teresa Acuna, V International, and X One X, seeking to reschedule the previously noticed depositions for the week of August 17, 2015. X One X maintains the following concerns regarding EMMLLC's deposition notices:

- EMMLLC seeks to conduct its 15th, 16th, 17th, and 18th depositions without first obtaining this Court's approval;
- EMMLLC seeks to force X One X's person most knowledgeable to travel nearly 2,500 miles with less than two weeks' notice;
- EMMLLC's depositions will result in a waste of the parties' time and money (and be unnecessarily inconvenient for the witnesses) since the ultimate claims are not yet at issue, and any deposition of X One X cannot (and will not) as a practical matter be able to be concluded before the Court rules on X One X's motion to dismiss and X One X's cross-claims are thereafter asserted; and
- EMLLC's deposition of X One X at this time will unnecessarily inconvenience X One X's only employee, its president and corporate designee Leo Valencia, who has already been deposed in this case on September 30, 2013 (approximately 8 ½ hours), October 1, 2013 (approximately 7 hours) and (approximately 8 hours) – Mr. Valencia, as X One X's corporate designee, should only be required to sit for another one day 7 hour session, and should not be required to sit for deposition at this time because the deposition cannot and will not conclude on that day, but will inevitably be re-opened once X One X cross-claims; and
- EMLLC will not be prejudiced by waiting until the pleadings are at issue before taking the deposition of X One X (X One X's designee is neither old or sick), whereas X One X will be prejudiced if its deposition is taken before that time because its corporate designee will be deposed for more than 7 hours over

multiple days, contrary to the language and spirit of the federal rules.  EMLLC, however, will not be prejudiced by waiting until the pleadings are at issue before taking X One X's deposition.

The parties' efforts to meet and confer have proved unsuccessful. X One X's proposed Motion for Protective Order will address the issues raised by EMMLLC's deposition notices and request that this Court issue a protective order postponing EMMLLC's deposition notices until the parties' claims have come at issue and until EMMLLC has properly acquired this Court's leave to hold its 15th, 16th, 17th, and 18th depositions. The Motion for Protective Order will also request that this Court limit EMMLLC's deposition to a location near the Moving Parties' residence or principal place of business.

Sincerely,

*Michael Ray Adele*

Michael R. Adele

Counsel for Counter-Defendant A.V.E.L.A., Inc., Leo Valencia, and X One X Movie Archives, Inc.

cc:   Gina I. Durham (gina.durham@dlapiper.com)
      Tamar Y. Duvdevani (tamar.duvdevani@dlapiper.com)
      Gregory Goodheart (ggoodheartlaw@gmail.com)