|  |  |
|---|---|
| A.V.E.L.A., INC.,<br><br>Plaintiff,<br><br>-against-<br><br>THE ESTATE OF MARILYN<br>MONROE, LLC and DOES 1<br>THROUGH 10<br><br>Defendants. | Case No. 1:12-cv 4828-KPF-JCF<br><br>ECF Case<br><br><br>**ANSWER OF X ONE X MOVIE<br>ARCHIVE, INC. TO FIRST<br>AMENDED COUNTERCLAIM,<br>AND RELATED (AMENDED)<br>COUNTERCLAIMS; DEMAND<br>FOR JURY TRIAL** |

THE ESTATE OF MARILYN
MONROE, LLC,

Defendant/Counter-Plaintiff,

-against-

A.V.E.L.A., INC., LEO VALENCIA, IPL,
INC., X ONE X MOVIE ARCHIVE INC.,
and V. INTERNATIONAL FINE ARTS
PUBLISHING, INC.,

Counter-Defendants.

X ONE X
MOVIE ARCHIVE, INC.,

Counter-Defendant/Counter-Plaintiff,

-against-

THE ESTATE OF MARILYN
MONROE, LLC, AUTHENTIC BRANDS
GROUP, LLC, JAMES SALTER,
LEONARD GREEN & PARTNERS, L.P.,

Counter-Defendants.

## ANSWER OF X ONE X MOVIE ARCHIVE, INC. TO THE ESTATE OF MARILYN MONROE, LLC's FIRST AMENDED COUNTERCLAIM

For the answer and affirmative defenses of Counter-Defendant X One X Movie Archives, Inc. (hereinafter, "Counter-Defendant") to The Estate of Marilyn Monroe, LLC ("EMMLLC")'s First Amended Counterclaim (Dkt. 133) (the "Counterclaim"), Counter-Defendant respectfully states and avers as follows:

### Nature of the Action

Answering the "Nature of the Action" paragraph, Counter-Defendant admits that this is an action for federal and common law unfair competition, false association, trademark infringement and federal and statutory dilution, with pendant claims for deceptive business practices, intentional interference with contract, and intentional interference with prospective economic advantage under New York statutory and common law; however, Counter-Defendant does not admit the substance of any of the allegations stated therein except as expressly stated below. Counter-Defendant admits EMMLLC seeks without limitation actual damages, profits, attorneys' fees, costs and injunctive relief; however, Counter-Defendant denies that EMMLLC is entitled to any such relief (or any other relief). Except as so expressly admitted, Counter-Defendant denies the remaining allegations contained in this paragraph.

### The Parties

1.      Answering paragraph 1 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of EMMLLC's Counterclaims, and on that basis denies said allegations.

2.      Answering paragraph 2 of the Counterclaim, Counter-Defendant admits that Leo Valencia ("Valencia") is an individual residing in San Diego, California. Except as so expressly admitted, Counter-Defendant denies the remainder of the allegations contained in paragraph 2 of

EMMLLC's counterclaims.

    **3.**    Answering paragraph 3 of the Counterclaim, Counter-Defendant admits that AVELA is a Nevada corporation with a place of business at 1135 Terminal Way, #209, Reno, Nevada, 89502 and that AVELA conducts business in New York, New York and is subject to personal jurisdiction in this Court in this matter. Except as so expressly admitted, Counter-Defendant denies the remainder of the allegations set forth in paragraph 3 of EMMLLC's Counterclaim.

    **4.**    Answering paragraph 4 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of EMMLLC's Counterclaim, and on that basis denies said allegations.

    **5.**    Answering paragraph 5 of the Counterclaim, Counter-Defendant admits that X One X Movie Archive, Inc. ("X One X") is a Nevada corporation with a place of business at 1135 Terminal Way, #209, Reno, Nevada, 89502. Except as so expressly admitted, Counter-Defendant denies the remainder of the allegations contained in paragraph 5 of EMMLLC's Counterclaim.

    **6.**    Answering paragraph 6 of the Counterclaim, Counter-Defendant admits that V International Fine Arts Publishing, Inc. has offices at 2647 Gateway Road #105-550, Carlsbad, California 92009. Except as so expressly admitted, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of EMMLLC's Counterclaims, and on that basis denies said allegations.

## **JURISDICTION AND VENUE**

    **7.**    Answering paragraph 7 of the Counterclaim, Counter-Defendant admits these allegations.

**8.**      Answering paragraph 8 of the Counterclaim, Counter-Defendant admits these allegations.

**9.**      Answering paragraph 9 of the Counterclaim, Counter-Defendant admits that the Court has personal jurisdiction over AVELA. Except as so expressly admitted, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9, and on that basis denies said allegations.

**10.**     Answering paragraph 10 of the Counterclaim, Counter-Defendant denies the allegations set forth in paragraph 10 of EMMLLC's Counterclaim.

**11.**     Answering paragraph 11 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and on that basis denies said allegations.

## FACTUAL BACKGROUND

### EMMLLC's (Alleged) Intellectual Property Rights

12.      Answering paragraph 12 of the Counterclaim, Counter-Defendant admits said allegations.

13.      Answering paragraph 13 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis denies said allegations.

14.      Answering paragraph 14 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis denies said allegations.

15.      Answering paragraph 15 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in

4

paragraph 15, and on that basis denies said allegations.

16.     Answering paragraph 16 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies said allegations.

17.     Answering paragraph 17 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies said allegations.

18.     Answering paragraph 18 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 18 of EMMLLC's Counterclaim.

19.     Answering paragraph 19 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis denies said allegations.

20.     Answering paragraph 20 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and on that basis denies said allegations.

**21.**     Answering paragraph 21 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 21, and on that basis denies said allegations.

### Leo Valencia and His Alleged Alter-Egos

22.     Answering paragraph 22 of the Counterclaim, Counter-Defendant admits Leo Valencia owns two businesses that license images, including images of Marilyn Monroe and other celebrities, for use in connection with merchandise including apparel and glassware. Except as so expressly admitted, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis

denies said allegations.

23.      Answering paragraph 23 of the Counterclaim, Counter-Defendant admits Leo

Valencia owns two businesses: A.V.E.L.A., Inc. and X One X Movie Archives, Inc.  Except as

so expressly admitted, Counter-Defendant denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 23, and on that basis denies said

allegations.

24.      Answering paragraph 24 of the Counterclaim, Counter-Defendant denies that X

One X is an alter-ego of Leo Valencia.

25.      Answering paragraph 25 of the Counterclaim, Counter-Defendant admits that

Valencia is the sole shareholder, officer, director, and employee of X One X. Except as so

expressly admitted, Counter-Defendant denies the remaining allegations contained in paragraph

25.

26.      Answering paragraph 26 of the Counterclaim, Counter-Defendant admits that

Valencia uses a laptop and cell phone, and that he does not use separate laptop and separate cell

phones for each business.   Counter-defendant denies the remaining allegations contained in

paragraph 26.

27.      Answering paragraph 27 of the Counterclaim, Counter-Defendant admits that

businesses owned by Valencia license and/or sub-license some of the same intellectual property.

Except as so expressly admitted, Counter-Defendant denies the allegations contained in

paragraph 27.

28.      Answering paragraph 28 of the Counterclaim, Counter-Defendant denies the

allegations contained in paragraph 28.

29.      Answering paragraph 29 of the Counterclaim, Counter-Defendant admits that V.

International is a licensing agent for AVELA. Except as so expressly admitted, Counter-Defendant denies the remaining allegations contained in paragraph 29.

30.     Answering paragraph 30 of the Counterclaim, Counter-Defendant admits that several of V. International employees have had email addresses with the extension @avela.net. Except as so expressly admitted, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, and on that basis denies said allegations.

31.     Answering paragraph 31 of the Counterclaim, Counter-Defendant admits that Melissa Woo, prior counsel of record for AVELA and Valencia, identified herself as "in-house counsel" for AVELA.  Except as so expressly admitted, Counter-Defendant denies the remaining allegations contained in paragraph 31.

32.     Answering paragraph 32 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 32.

33.     Answering paragraph 33 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 33.

### The Counter-Defendant's Alleged Wrongful Acts

34.     Answering paragraph 34 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 33.

35.     Answering paragraph 35 of the Counterclaim, Counter-Defendant admits that it has not been granted permission or a license by EMMLLC to sub-license, manufacture, distribute, market or sell any product. Except as so expressly admitted, Counter-Defendant denies the remaining allegations contained in paragraph 35.

36.     Answering paragraph 36 of the Counterclaim, Counter-Defendant denies the

allegations contained in paragraph 36.

37.    Answering paragraph 37 of the Counterclaim, Counter-Defendant admits that a true and correct copy of the June 2, 2011 letter AVELA received from EMMLC is attached as Exhibit A to EMMLLC's Counterclaim. Except as so expressly admitted, Counter-Defendant denies the remaining allegations contained in paragraph 37.

38.    Answering paragraph 38 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.    Answering paragraph 39 of the Counterclaim, Counter-Defendant admits that a true and correct copy of the June 16, 2011 letter is attached as Exhibit B to EMMLLC's Counterclaim.  Except as so expressly admitted, Counter-Defendant denies the remainder of the allegations contained in paragraph 39.

40.    Answering paragraph 40 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 40 of EMMLLC's Counterclaim.

41.    Answering paragraph 41 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 41 of EMMLLC's Counterclaim.

42.    Answering paragraph 41 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 42 of EMMLLC's Counterclaim.

43.    Answering paragraph 43 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 43 of EMMLLC's Counterclaim.

44.    Answering paragraph 44 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 44 of EMMLLC's Counterclaim.

45.    Answering paragraph 45 of the Counterclaim, Counter-Defendant denies the

allegations contained in paragraph 45 of EMMLLC's Counterclaim.

46.     Answering paragraph 46 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 46 of EMMLLC's Counterclaim.

47.     Answering paragraph 47 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 47 of EMMLLC's Counterclaim.

48.     Answering paragraph 48 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 48 of EMMLLC's Counterclaim.

49.     Answering paragraph 49 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 49 of EMMLLC's Counterclaim.

50.     Answering paragraph 50 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 50 of EMMLLC's Counterclaim.

51.     Answering paragraph 51 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 51 of EMMLLC's Counterclaim.

### First Cause of Action

### (False Association and Unfair Competition – 15 U.S.C. §1125(a))

52.     Answering paragraph 52 of the Counterclaim, Counter-Defendant incorporates its responses to paragraphs 1 through 51 as if set forth fully herein.

53.     Answering paragraph 53 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 53 of EMMLLC's Counterclaim.

54.     Answering paragraph 54 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 54 of EMMLLC's Counterclaim.

55.     Answering paragraph 55 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 55 of EMMLLC's Counterclaim.