56. Answering paragraph 56 of the Counterclaim, paragraph 56 is a conclusion of law to which no response is required. To the extent a response is required, Counter-Defendant denies the allegations contained in paragraph 56 of EMMLLC's Counterclaim.

57. Answering paragraph 57 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 57 of EMMLLC's Counterclaim.

58. Answering paragraph 58 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 58 of EMMLLC's Counterclaim.

59. Answering paragraph 59 of the Counterclaim, Paragraph 59 is a conclusion of law to which no response is required. To the extent a response is required, Counter-Defendant denies the allegations contained in paragraph 59 of EMMLLC's Counterclaim.

60. Answering paragraph 60 of the Counterclaim, Paragraph 60 is a conclusion of law to which no response is required. To the extent a response is required, Counter-Defendant denies the allegations contained in paragraph 60 of EMMLLC's Counterclaim.

## Second Cause of Action

### (Trademark Infringement – 15 U.S.C. § 1114 and Common Law)

61. Answering paragraph 61 of the Counterclaim, Counter-Defendant incorporates its responses to paragraphs 1 through 60 as if set forth fully herein.

62. Answering paragraph 62 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 62 of EMMLLC's Counterclaim.

63. Answering paragraph 63 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 63 of EMMLLC's Counterclaim.

64. Answering paragraph 64 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 64 of EMMLLC's Counterclaim.

65. Answering paragraph 65 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 65 of EMMLLC's Counterclaim.

66. Answering paragraph 66 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 66 of EMMLLC's Counterclaim.

67. Answering paragraph 67 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 67 of EMMLLC's Counterclaim.

68. Answering paragraph 68 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 68 of EMMLLC's Counterclaim.

### Third Cause of Action

### (Dilution – 15 U.S.C. §1125(c) and N.Y. Gen. Bus. L. §360-1)

69. Answering paragraph 69 of the Counterclaim, Counter-Defendant incorporates its responses to paragraphs 1 through 68 as if set forth fully herein.

70. Answering paragraph 70 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 70 of EMMLLC's Counterclaim.

71. Answering paragraph 71 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 71 of EMMLLC's Counterclaim.

72. Answering paragraph 72 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 72 of EMMLLC's Counterclaim.

73. Answering paragraph 73 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 73 of EMMLLC's Counterclaim.

74. Answering paragraph 74 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 74 of EMMLLC's Counterclaim.

75. Answering paragraph 75 of the Counterclaim, Counter-Defendant denies the

allegations contained in paragraph 75 of EMMLLC's Counterclaim.

76. Answering paragraph 76 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 76 of EMMLLC's Counterclaim.

### Fourth Cause of Action

### (Common Law Unfair Competition)

77. Answering paragraph 77 of the Counterclaim, Counter-Defendant incorporates its responses to paragraphs 1 through 76 as if set forth fully herein.

78. Answering paragraph 78 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 78 of EMMLLC's Counterclaim.

79. Answering paragraph 79 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 79 of EMMLLC's Counterclaim.

80. Answering paragraph 80 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 80 of EMMLLC's Counterclaim.

81. Answering paragraph 81 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 81 of EMMLLC's Counterclaim.

### Fifth Cause of Action
### (Deceptive Business Practices - N.Y. Gen. Bus. Law § 349)

Answering paragraphs 82 through 87 of the Counterclaim, Counter-Defendant avers that EMMLLC's Fifth Cause of Action has been dismissed.

82. Answering paragraphs 82 through 87 of the Counterclaim, Counter-Defendant incorporates its responses to paragraphs 1 through 81 as if set forth fully herein.

83. Answering paragraph 83 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 83 of EMMLLC's Counterclaim.

84. Answering paragraph 84 of the Counterclaim, Counter-Defendant denies the

allegations contained in paragraph 84 of EMMLLC's Counterclaim.

85. Answering paragraph 85 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 85 of EMMLLC's Counterclaim.

86. Answering paragraph 86 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 86 of EMMLLC's Counterclaim.

87. Answering paragraph 87 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 87 of EMMLLC's Counterclaim.

## Sixth Cause of Action

### (Tortious Interference with Existing Contractual Relationships)

Answering paragraphs 88 through 96 of the Counterclaim, Counter-Defendant avers that EMMLLC's Sixth Cause of Action has been dismissed.

88. Answering paragraph 88 of the Counterclaim, Counter-Defendant incorporates its responses to paragraphs 1 through 87 as if set forth fully herein.

89. Answering paragraph 89 of the Counterclaim, Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 89, and on that basis deny said allegations

90. Answering paragraph 90 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 90 of EMMLLC's Counterclaim.

91. Answering paragraph 91 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 91 of EMMLLC's Counterclaim.

92. Answering paragraph 92 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 92 of EMMLLC's Counterclaim.

93. Answering paragraph 93 of the Counterclaim, Counter-Defendant denies the

allegations contained in paragraph 93 of EMMLLC's Counterclaim.

94. Answering paragraph 94 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 94 of EMMLLC's Counterclaim.

95. Answering paragraph 95 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 95 of EMMLLC's Counterclaim.

96. Answering paragraph 96 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 96 of EMMLLC's Counterclaim.

## Seventh Cause of Action

### (Intentional Interference with Prospective Economic Advantage)

97. Answering paragraph 97 of the Counterclaim, Counter-Defendant incorporates its responses to paragraphs 1 through 96 as if set forth fully herein.

98. Answering paragraph 98 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 98.

99. Answering paragraph 99 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 99 of EMMLLC's Counterclaim.

100. Answering paragraph 100 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 100 of EMMLLC's Counterclaim.

101. Answering paragraph 101 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 101 of EMMLLC's Counterclaim.

102. Answering paragraph 102 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 102 of EMMLLC's Counterclaim.

103. Answering paragraph 103 of the Counterclaim, Counter-Defendant denies the allegations contained in paragraph 103 of EMMLLC's Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Laches, Waiver, Estoppel)

104. EMMLLC has been aware of the existence of an actual and justiciable controversy as set forth in EMMLLC's Counterclaim.

105. Despite EMMLLC's apparent knowledge of an actual and justiciable controversy between the parties, EMMLLC has taken no action until the filing of the counterclaim to vindicate its alleged rights.

106. By virtue of the foregoing, EMMLLC's counterclaims are barred by the doctrines of waiver, laches, and/or estoppel.

### SECOND AFFIRMATIVE DEFENSE
### (Bad Faith, Unclean Hands)

107. EMMLLC filed the Counterclaim in retaliation for the claims asserted against it by AVELA.

108. By virtue of EMMLLC's bad faith acts as set forth in Counter-Defendant's counter-complaint, EMMLLC's counterclaims are thereby barred.

109. By virtue of the foregoing, EMMLLC's counterclaims are also barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

110. The EMMLLC counterclaims fail to state a claim upon which relief can be granted and should be barred under Fed. Rule Civ. Pr. 12(b)(6).

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

111. The EMMLLC counterclaims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Illegality)

112. The EMMLLC counterclaims are barred by the doctrine of illegality.

113. Plaintiff's claims are barred on the grounds or improper or illegal use of the alleged intellectual property rights designed to achieve anti-competitive results or to violate the antitrust laws of the state of New York, Nevada and/or the United States.

## SIXTH AFFIRMATIVE DEFENSE
### (Fraud)

114. The EMMLLC counterclaims are barred by the doctrine of fraud, including without limitation fraud on the United States Patent and Trademark Office.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing, Fractured Ownership)

115. EMMLLC lacks standing to assert its counterclaims.

116. Specifically, EMMLLC is not the complete, rightful owner of the "alleged Marilyn Monroe Intellectual Property," as defined by EMMLLC in its First Amended Counterclaim.

117. Because the Estate does not own the foregoing rights, the Estate has no standing from which to assert the claims it has asserted against X One X in its Counterclaim.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

118. To the extent that EMMLLC has suffered any damage, which Counter-Defendant specifically denies, EMMLLC is barred from recovery for its failure to mitigate and/or avoid such alleged damages.

## NINTH AFFIRMATIVE DEFENSE
### (Fair Use and First Amendment)

119.  Counter-Defendant's alleged use of EMMLLC's purported intellectual property, as defined in the Counterclaim, is protected as fair use and also as an exercise of Counter-Defendant's First Amendment rights. Counter-Defendant (and third parties) are free to describe, refer to, display, or otherwise identify and mention Marilyn Monroe based on well-established doctrine of fair use and the First Amendment of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

120.  The EMMLLC counterclaims are barred by its failure to join necessary and indispensable parties.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Valid Rights to Name, Likeness, Image, or Persona)

121.  EMMLLC is not the owner of a Right of Publicity for Marilyn Monroe and is judicially estopped by *Shaw Family Archives Ltd.* v. *CMG Worldwide, Inc.*, 486 F. Supp. 2d 309 (S.D.N.Y. 2007) and *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F. 3d 983 (9th Cir. 2012) from claiming otherwise.

122.  Further, EMMLLC does not have a valid trademark in the persona, image, or likeness of Marilyn Monroe.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Valid Trademarks)

123.  EMMLLC's claims are barred in whole or in part because EMMLLC does not have a valid trademark in some or all of the works at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Cancellation of Trademarks)

124.   EMMLLC's trademark applications for the registrations listed in Paragraph 16 of its First Amended Counterclaim were false, misleading and fraudulent in material respects, and the applications were submitted with the intent to defraud the United States Patent and Trademark Office. Thus, the certificates of registration were falsely obtained, and should be cancelled and removed from the Principal Register forthwith pursuant to 15 U.S.C. §§ 1064(3) and 1119.

125.   Additionally, EMMLLC's trademark registrations are functional, and additionally these trademarks lack distinctiveness. Thus, the registrations should be cancelled and removed from the Principal Register forthwith pursuant to 15 U.S.C. §§ 1052(e), 1052(f), 1064(3), and 1119.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Trademark Abuse)

126.   EMMLLC's claims are barred because it has engaged in misuse and abuse of its registered trademarks.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Lawful, Valid Competition)

127.   At all relevant times, Counter-Defendant has acted in a reasonable, lawful manner amounting to valid competition.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Aesthetic Functionality)

128.   Counter-Defendant's use of images of Marilyn Monroe and the word "Marilyn" on products is aesthetically functional.

129.   The images and name have never been used as source identifiers.