**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

A.V.E.L.A., INC.,

Plaintiff,

-against-

THE ESTATE OF MARILYN
MONROE, LLC and DOES 1
THROUGH 10

Defendants.

---

THE ESTATE OF MARILYN
MONROE, LLC,

Defendant/Counter-Plaintiff,

-against-

A.V.E.L.A., INC., LEO VALENCIA, IPL,
INC., X ONE X MOVIE ARCHIVE INC.,
and V. INTERNATIONAL FINE ARTS
PUBLISHING, INC.,

Counter-Defendants.

---

V INTERNATIONAL FINE ARTS
PUBLISHING, INC.,

Counter-Defendant/Counter-Plaintiff,

-against-

THE ESTATE OF MARILYN
MONROE, LLC, AUTHENTIC BRANDS
GROUP, LLC, JAMES SALTER

Counter-Defendants.

Case No. 1:12-cv 4828-KPF-JCF

**ANSWER AND AFFIRMATIVE
DEFENSES OF THE ESTATE OF
MARILYN MONROE, LLC AND
JAMES SALTER TO V.
INTERNATIONAL FINE ART
PUBLISHING, INC'S
COUNTERCLAIM**

1

**ANSWER AND AFFIRMATIVE DEFENSES OF THE ESTATE OF MARILYN MONROE, LLC AND JAMES SALTER TO V INTERNATIONAL FINE ART PUBLISHING, INC.'S COUNTERCLAIM**

The Estate of Marilyn Monroe, LLC ("EMMLLC") and James Salter ("Salter") ("Counter-Defendants")[1] by and through their undersigned counsel respectfully answers and avers to V. International Fine Art Publishing, Inc.'s ("V. International" or "Counter-Plaintiff") counter-claims (Dkt. 219) (the "Counterclaim"), as follows:

**PARTIES**

1.      Counter-Defendants admit that V. International is a corporation organized under the California law with an address at 2647 Gateway Road, #105-550, Carlsbad, California 92009. Counter-Defendants lack sufficient information and belief to admit or deny as to the truth of the remainder of the allegations in Paragraph 1.

2.      Counter-Defendants admit that EMMLLC is a Delaware liability company with its principal place of business at 100 West 33rd Street, Suite 1007, New York, New York 100001. Counter-Defendants deny all other allegations in Paragraph 2 of the Counterclaim and aver that the Court dismissed V. International's claim that EMMLLC was an alter-ego of ABG. (*See* Dkt. 279 at 17-19.)[2]

---

[1] Pursuant to the Court's March 13, 2017 Opinion and Order (Dkt. 279), it appears that V International has no remaining claims against Authentic Brands Group, LLC ("ABG"). Counter-Defendants thus believe that ABG is not required to answer any allegations in the Counterclaims. To the extent V. International asserts that ABG is still a party to this action and the Court agrees with that assertion, and in an abundance of caution, ABG hereby incorporates the answers and affirmative defenses to the Counterclaims set forth by herein by Counter-Defendants.

[2] "V. International has fallen far short of alleging plausibly that the Monroe Estate is ABG's alter-ego: Its factual allegations are scant and irrelevant. In consequence, the Court rejects V. International's claim that the Monroe Estate is ABG's alter ego." *See* Dkt. 279 at 19.

3.      Counter-Defendants admit that ABG is organized under the state of Delaware, with its principal place of business at 100 West 33rd Street, Suite 1007, New York, New York 100001, but aver that pursuant to the Court's Opinion and Order dated March 13, 2017 (Dkt. 279) no answer is required on behalf of ABG.

4.      Counter-Defendants do not contest personal jurisdiction over Salter for purposes of this particular action, but deny all other allegations in Paragraph 4 of the Counterclaim.

## JURISDICTION AND VENUE

5.      Counter-Defendants admit that certain of V. International's counterclaims are brought under the Lanham Act and the trademark laws of the United States, 15 U.S.C. § 1051 *et. seq.,* but aver that the scope of the Counterclaim under the Lanham Act is limited to the cancellation for descriptiveness and cancellation for functionality pursuant to the Court's Opinion and Order dated March 13, 2017. (*See* Dkt. 279).   Counter-Defendants deny any liability thereunder. Counter-Defendants admit that V. International's Counterclaim is brought under New York common law.   Counter-Defendants deny that V. International's Counterclaim is brought under New York statutory law pursuant to the Court's Opinion and Order dated March 13, 2017 dismissing V. International's claim for deceptive acts and practices under New York General Business Law § 349. (*See* Dkt. 279).   Pursuant to Court's Opinion and Order dated March 13, 2017 dismissing V. International's copyright and antitrust claims, Counter-Defendants deny that V. International has brought counterclaims under the federal Copyright Act, 17 U.S.C. §101 and further deny that court has subject-matter jurisdiction under the Sherman Act pursuant to 15 U.S.C. § 4. (*See* Dkt. 279).   Counter-Defendants deny that Salter and EMMLLC are citizens of different states.

6.      Counter-Defendants do not contest personal jurisdiction over EMMLLC or Salter, but deny all other allegations in Paragraph 6 and deny that EMMLLC or Salter "committed tortious acts" in the state of New York.

7.      Counter-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Counterclaim, but do not challenge that V. International's Counterclaim may be asserted under Federal Rule of Civil Procedure ("FCRP") 13 and under the Declaratory Judgment Act at 28 U.S.C. §§ 2201, 2202.

8.      Counter-Defendants deny that ABG and Salter are necessary parties or that ABG and Salter's actions underlie the majority of critical events in the present action.  Counter-Defendants lack sufficient knowledge or information to admit or deny all other allegations in Paragraph 8 of the Counterclaim, and, on that basis, deny them.

9.      Counter-Defendants do not challenge that venue is proper in this District, but deny all other allegations in Paragraph 9 of this Counterclaim.

## ALTER EGO CLAIMS

10.     Pursuant to the Court's Opinion and Order dated March 13, 2017, EMMLLC and Salter are not alter-egos and as a result no answer is required.  (*See* Dkt. 279 at 19.)  To the extent an answer is required, Counter-Defendants deny the allegations in Paragraph 10 of the Counterclaim.

11.     Pursuant to the Court's Opinion and Order dated March 13, 2017, EMMLLC and Salter are not alter-egos and as a result no answer is required. (*See* Dkt. 279 at 19.)  To the extent an answer is required, Counter-Defendants deny the allegations in Paragraph 11 of the Counterclaim.

## LEGAL BACKGROUND

12.     Counter-Defendants admit the allegations in Paragraph 12 of the Counterclaim.

13.     Counter-Defendants admit the allegations in Paragraph 13 of the Counterclaim.

14.     Counter-Defendants deny the allegations in Paragraph 14 of the Counterclaim.

15.     Counter-Defendants deny the allegations contained in Paragraph 15 of the Counterclaims and aver that the USPTO records speak for themselves..

16.     Counter-Defendants admit the allegations contained in Paragraph 16 of the Counterclaim.

17.     Counter-Defendants deny the allegations contained in Paragraph 17 of the Counterclaim and aver that the USPTO records speak for themselves.

18.     Counter-Defendants deny the characterization of the judicial decision referenced in Paragraph 18 of the Counterclaim and aver that the decision speaks for itself.

19.     Counter-Defendants admit the allegation in Paragraph 19 of the Counterclaim.

20.     Counter-Defendants deny the allegation in Paragraph 20 of the Counterclaim and aver that the USPTO records speak for themselves.

21.     Counter-Defendants admit that MM-ABG LLC was renamed to The Estate of Marilyn Monroe, but deny all other allegations in Paragraph 21 of the Counterclaim.  Counter-Defendants deny the characterization of that it used its rights under its registered trademarks in a way other than other valid trademark holders similarly situated would use their marks.  Counter-Defendants aver that to the extent this allegation implicates a claim under the Sherman Act, pursuant to the Court's Opinion and Order dated March 13, 2017, V. International's antitrust claim was dismissed and no answer is required. (*See* Dkt. 279.)

22.     Counter-Defendants deny the characterization of the judicial decision referenced in Paragraph 22 of the Counterclaim and aver that the decision speaks for itself..

23.     Counter-Defendants deny the allegations in Paragraph 23 of the Counterclaim and aver that the USPTO records speak for themselves.

24.     Counter-Defendants deny the allegation in Paragraph 24 of the Counterclaim and aver that the USPTO records speak for themselves.

25.     Counter-Defendants deny the allegations in the first sentence of Paragraph 25 of the Counterclaim that EMMLLC registered all of the referenced trademarks in 2015, deny the second sentence, and aver that all registrations set forth therein are owned by EMMLLC and that the USPTO records speak for themselves.

### FACTS UNDERLYING COUNTERCLAIMS

26.     Counter-Defendants deny the allegations in Paragraph 26 of the Counterclaim.

27.     Counter-Defendants admit that Marilyn Monroe was one of the most photographed women of the 20th century, but lack sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Complaint, and, on that basis, deny them.

28.     Counter-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint, and, on that basis, deny them.

29.     Counter-Defendants deny the allegations in Paragraph 29 of the Counterclaim.  Counter-Defendants deny the characterization of its legally registered marks as a "litigation tool."

30.     Counter-Defendants deny the allegations in Paragraph 30 of the Counterclaim. EMMLLC specifically denies the characterization its lawful use and monitoring of its registered marks are used to "threaten", "intimidate", "discourage", or "prevent other lawful use of registered trademarks.  Counter-Defendants aver that to the extent this allegation invokes a claim under the Sherman Act, that pursuant to the Court's Opinion and Order dated March 13, 2017, V. International's antitrust claim was dismissed and no answer is required. (*See* Dkt. 279.)

31.     Counter-Defendants deny the allegations in Paragraph 31 of the Counterclaim.

32.     Counter-Defendants deny the allegations in Paragraph 32 of the Counterclaim.

## FIRST CAUSE OF ACTION
### Cancellation of Trademark Registrations under 15 U.S.C. §§ 1052(f), 1064(3), 1119
### [Lack of Distinctiveness]

33.     Counter-Defendants incorporate herein by reference, responses to Paragraphs 1-32 of the Counterclaim.

34.     Counter-Defendants admit that Counter-Plaintiff's Counterclaim purports to allege an action for cancellation of trademark registration under the Lanham Act of 1946, 15 U.S.C. §§ 1052(f), 1064(3) 1119, for lack of distinctiveness, but Defendant denies any liability thereunder.

35.     Counter-Defendants deny the allegations of Paragraph 35 of the Counterclaim.[3]

36.     Counter-Defendants deny the allegations of Paragraph 36 of the Counterclaim.

37.     Counter-Defendants deny the allegations in Paragraph 37 of the Counterclaim.

38.     Counter-Defendants deny the allegations in Paragraph 38 of the Counterclaim.

## SECOND CAUSE OF ACTION
### Cancellation of Trademark Registrations under 15 U.S.C §§ 1052(e), 1064(3), 1119
### [Functionality]

39.     Counter-Defendants incorporate herein by reference, responses to Paragraphs 1-38 of the Counterclaim.

40.     Counter-Defendants deny the allegations set forth in Paragraph 40 of the Counterclaim.

---

[3] Counter-Defendants aver that V. International's claim that the Contested Marks are generic are nothing more than an attempt to create a claim under 15 U.S.C. §1064(3) that V. International concedes would render 5 of the 12 Contested Marks incontestable. (*See* Dkt. 279 at 23) (noting that while the claim was not being dismissed "to be clear the Court harbors serious doubts that V. International will be able to establish that the Contested Marks are generic.").

41.     Counter-Defendants deny the allegations set forth in Paragraph 41 of the Counterclaim and aver that the Court's Opinion and Order dated March 13, 2017 identified that this claim, "undercut" the allegation in Paragraph 40. (*See* Dkt. 279 at 25.)

42.     Counter-Defendants deny the allegations set forth in Paragraph 42 of the Counterclaim.

43.     Counter-Defendants deny the allegations set forth in Paragraph 43 of the Counterclaim and deny the characterization of its Registered Marks as "purported marks."

44.     Counter-Defendants deny the allegations set forth in Paragraph 44 of the Counterclaim.

<u>**THIRD CAUSE OF ACTION**</u>
**Third Ground for Trademark Cancellation under 15 U.S.C §§ 1064(3), 1119**
**[Fraud]**

45.     Counter-Defendants incorporate herein by reference, responses to Paragraphs 1-44 of the Counterclaim.  Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's third cause of action).

46.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's third cause of action).

47.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's third cause of action).

48.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's third cause of action).

49.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's third cause of action).

50.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's third cause of action).

51.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279). (dismissing V. International's third cause of action).

52.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's third cause of action).

## FOURTH CAUSE OF ACTION
**Attempted Monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. § 2**

53.     Counter-Defendants incorporate herein by reference, responses to Paragraphs 1-52 of the Counterclaim.  Counter-Defendants aver that pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

54.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

55.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

56.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

57.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

58.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act

under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

59.  Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).  To the extent an answer is required, Counter-Defendants deny the allegations contained in Paragraph 59 of the Counterclaim.

60.  Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

61.  Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

62.  Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

63.  Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

64.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

65.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279). Counter-Defendants also aver that claims related to Leonard Green & Partners, L.P. ("Leonard Green & Partners) have been dismissed in full pursuant to the Court's Opinion and Order dated March 13, 2017. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

66.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

67.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

68.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

69.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

70.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fourth cause of action).

## FIFTH CAUSE OF ACTION
### (Deceptive Business Practices – N.Y. Gen. Bus. Law § 349)

71.     Counter-Defendants incorporate herein by reference, responses to Paragraphs 1-70 of the Counterclaim.  Counter-Defendants aver that pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fifth cause of action).

72.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fifth cause of action).

73.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fifth cause of action).

74.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fifth cause of action).

75.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fifth cause of action).

76.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fifth cause of action).

77.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fifth cause of action).

78.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's fifth cause of action).

## SIXTH CAUSE OF ACTION
### (Tortious Interference with Existing Contractual Relationships)

79.     Counter-Defendants incorporate herein by reference, responses to Paragraphs 1-78 of the Counterclaim.  Counter-Defendants aver that pursuant to the Court's Opinion and Order dated

14

March 13, 2017, the claim that Counter-Defendants engaged in tortious interference with existing contractual relationships was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's sixth cause of action).

80.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in tortious interference with existing contractual relationships was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's sixth cause of action).

81.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in tortious interference with existing contractual relationships was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's sixth cause of action).

82.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in tortious interference with existing contractual relationships was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's sixth cause of action).

83.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in tortious interference with existing contractual relationships was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's sixth cause of action).

84.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in tortious interference with existing contractual relationships was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's sixth cause of action).

85.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in tortious interference with existing contractual relationships was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's sixth cause of action).

86.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in tortious interference with existing contractual relationships was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing V. International's sixth cause of action).

## SEVENTH CAUSE OF ACTION
### (Intentional Interference with Prospective Economic Advantage)

87.     Counter-Defendants incorporate herein by reference, responses to Paragraphs 1-86 of the Counterclaim.

88.     Counter-Defendants deny the allegations set forth in Paragraph 88 of the Counterclaim.

89.     Counter-Defendants deny the allegations set forth in Paragraph 89 of the Counterclaim.

90.     Counter-Defendants deny the allegations set forth in Paragraph 90 of the Counterclaim.

91.     Counter-Defendants deny the allegations set forth in Paragraph 91 of the Counterclaim.

92.     Counter-Defendants deny the allegations set forth in Paragraph 92 of the Counterclaim.

93.     Counter-Defendants deny the allegations set forth in Paragraph 93 of the Counterclaim.

94.     Counter-Defendants deny the allegations set forth in Paragraph 94 of the Counterclaim.

## RESPONSE TO COUNTER-PLAINTIFF'S PRAYER FOR RELIEF

Counter-Defendants deny the allegations in the prayer for relief in Counter-Plaintiff's Counterclaim, and that Counter-Plaintiff is entitled to any relief.

## COUNTER-DEFENDANTS' PRAYER FOR RELIEF

Counter-Defendants pray for judgment in their favor, recovery of their costs and attorneys' fees incurred in defending against this suit, and such other relief as the Court finds just and proper.

**<u>AFFIRMATIVE DEFENSES</u>**

A.      Counter-Plaintiff fails to state a claim upon which relief may be granted.

B.      Counter-Plaintiff's Counterclaim is barred by the doctrine of unclean hands.

Dated: New York, New York
          March 27, 2017

/s/   Tamar Duvdevani

Gina L. Durham (*pro hac vice*)
DLA PIPER LLP (US)
P.O. Box 64807
Chicago, Illinois 60664-0807
Telephone: (415) 368-4000
Facsimile: (415) 659-7333
gina.durham@dlapiper.com

Tamar Duvdevani
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
tamar.duvdevani@dlapiper.com

*Attorneys for The Estate of Marilyn Monroe, LLC, Authentic Brands Group, LLC and James Salter*