**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.V.E.L.A., INC., | |
| Plaintiff, | |
| -against- | |
| THE ESTATE OF MARILYN MONROE, LLC and DOES 1 THROUGH 10 | Case No. 1:12-cv 4828-KPF-JCF |
| Defendants. | |
| THE ESTATE OF MARILYN MONROE, LLC, | **ANSWER AND AFFIRMATIVE DEFENSES OF THE ESTATE OF MARILYN MONROE, LLC, TO X ONE X MOVIE ARCHIVE, INC.'S COUNTERCLAIMS AND THIRD PARTY CLAIMS** |
| Defendant/Counter-Plaintiff, | |
| -against- | |
| A.V.E.L.A., INC., LEO VALENCIA, IPL, INC., X ONE X MOVIE ARCHIVE INC., and V. INTERNATIONAL FINE ARTS PUBLISHING, INC., | |
| Counter-Defendants. | |
| X ONE X MOVIE ARCHIVE, INC. | |
| Counter-Claimant, | |
| -against- | |
| THE ESTATE OF MARILYN MONROE, LLC, AUTHENTIC BRANDS GROUP, LLC, JAMES SALTER, LEONARD GREEN & PARTNERS, L.P. | |
| Counter-Defendants. | |

1

**ANSWER AND AFFIRMATIVE DEFENSES OF THE ESTATE OF MARILYN MONROE, LLC,  TO X ONE X MOVIE ARCHIVES, INC.'S COUNTERCLAIMS AND THIRD PARTY CLAIMS**

The Estate of Marilyn Monroe, LLC ("EMMLLC" or "Counter-Defendant")[1] by and through its undersigned counsel respectfully answers and avers to X One X Movie Archives, Inc.'s ("X One X" or "Counter-Claimant") counter-claims and third-party claims (Dkt. 223) (the "Counterclaim"), as follows:

**PARTIES**

1.      Counter-Defendant admits that X One X is a corporation organized and existing under the laws of the State of Nevada with an address listed at 1135 Terminal Way, #209, Reno, Nevada 85902.  Counter-Defendant lacks sufficient information and belief to admit or deny as to the truth of the remainder of the allegations in Paragraph 1 of the Counterclaim, and, on this basis denies them.

2.      Counter-Defendant admits that EMMLLC is a Delaware liability company with its principal place of business at 100 West 33rd Street, Suite 1007, New York, New York 100001.  Counter-Defendant denies all other allegations in Paragraph 2 of the Counterclaim and avers that the Court dismissed X One X's claim that EMMLLC was an alter-ego of ABG. (*See* Dkt. 279 at 17-19.)[2]

---

[1] Pursuant to the Court's March 13, 2017 Opinion and Order (Dkt. 279), it appears that X One X has no remaining claims against Authentic Brands Group, LLC ("ABG") or James Salter ("Salter").  Counter-Defendant thus believes that ABG and Salter are not required to answer any allegations in the Counterclaim.  To the extent X One X asserts that ABG or Salter are still parties to any part of this action and the Court agrees with that assertion, and in an abundance of caution, ABG and Salter hereby incorporate the answers and affirmative defenses to the Counterclaims set forth by herein by EMMLLC.

[2] Pursuant to the Court's Opinion and Order dated March 13, 2017, "X One X also alleges that the Monroe Estate is ABG's alter ego. (X One X Am. Countercl. ¶ ¶  11 – 14).  The Court rejects

3.      Counter-Defendant admits that ABG is organized under the state of Delaware, with its principal place of business at 100 West 33rd Street, Suite 1007, New York, New York 100001, but avers that pursuant to the Court's Opinion and Order dated March 13, 2017 (Dkt. 279) no answer is required on behalf of ABG.

4.      Counter-Defendant denies the allegations in Paragraph 4 of the Counterclaim, but avers that pursuant to the Court's Opinion and Order dated March 13, 2017 (Dkt. 279) Salter is not a party to this Counterclaim.

5.      Counter-Defendant admits that Leonard Green & Partners is a limited partnership organized under the laws of Delaware with a place of business at 11111 Santa Monica Boulevard, Suite 2000, Los Angeles, CA 90025, but avers that pursuant to the Court's Opinion and Order dated March 13, 2017 no answer is required on behalf of Leonard Green & Partners. (See Dkt. 279 at 14) (concluding that "the Court will dismiss all of X One X's counterclaims that name LGP as a defendant").

## JURISDICTION AND VENUE

6.      Counter-Defendant admits that certain of X One X's counterclaims are brought under the Lanham Act and the trademark laws of the United States, 15 U.S.C. §1051 *et. seq.*, but avers that the scope of the Counterclaim under the Lanham Act is limited to the cancellation for descriptiveness and cancellation for functionality pursuant to the Court's Opinion and Order dated March 13, 2017. (*See* Dkt. 279).   Counter-Defendant denies any liability thereunder. Pursuant to the Court's Opinion and Order dated March 13, 2017 Counter-Defendant denies that X One X brought any counter-claims under New York common or statutory law. (*See* Dkt. 279)

---

this theory for the same reasons it rejected V. International's identical argument." (*See* Dkt. 279 at 42 n.8.)

(dismissing X One X's claim for deceptive acts and practices under New York law).  Pursuant to Court's Opinion and Order dated March 13, 2017 dismissing multiple claims pursued by X One X's, Counter-Defendant denies that X One X has brought counterclaims under the federal Copyright Act, 17 U.S.C. §101 and further denies that court has subject-matter jurisdiction under the Sherman Act pursuant to 15 U.S.C. § 4. (*See* Dkt. 279) (dismissing X One X's monopolization claim under the Sherman Act).  Counter-Defendant denies that EMMLLC, ABG, Salter and Leonard Green & Partners are citizens of different states.

7.      Counter-Defendant does not contest personal jurisdiction over EMMLLC, but denies all other allegations in Paragraph 7 and denies that EMMLLC "committed tortious acts" in the state of New York.

8.      Counter-Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Counterclaim, but does not challenge that X One X's Counterclaim may be asserted under Federal Rule of Civil Procedure ("FCRP") 13 and under the Declaratory Judgment Act at 28 U.S.C. §§ 2201, 2202.

9.      Pursuant to the Court's Opinion and Order dated March 13, 2017, dismissing X One X's Third, Fourth, Fifth, Sixth and Seventh causes of actions, Counter-Defendant denies that ABG, Leonard Green & Partners and Salter are necessary parties to the Counterclaim.  Counter-Defendant also denies that ABG, Leonard Green & Partners, and Salter's actions underlie the majority of critical events in the present action.  Counter-Defendant lacks sufficient knowledge or information to admit or deny all other allegations in Paragraph 9 of the Counterclaim, and, on that basis, denies them.

10.     Counter-Defendant does not challenge that venue is proper in this District as to EMMLLC, but denies all other allegations in Paragraph 10 of this Counterclaim.

## ALTER EGO CLAIMS

11.     Pursuant to the Court's Opinion and Order dated March 13, 2017, EMMLLC and ABG are not alter-egos and as a result no answer is required. (*See* Dkt. 279 at 42).  To the extent an answer is required, Counter-Defendant denies the allegations in Paragraph 11 of the Counterclaim.

12.     Pursuant to the Court's Opinion and Order dated March 13, 2017, EMMLLC and Salter are not alter-egos and as a result no answer is required. (*See* Dkt. 279 at 42).  To the extent an answer is required, Counter-Defendant denies the allegations in Paragraph 12 of the Counterclaim.

## LEGAL BACKGROUND

13.     Counter-Defendant admits the allegations in Paragraph 13 of the Counterclaim.

14.     Counter-Defendant admits the allegations in Paragraph 14 of the Counterclaim.

15.     Counter-Defendant denies the allegations in Paragraph 15 of the Counterclaim.

16.     Counter-Defendants denies the allegations contained in Paragraph 16 of the Counterclaim and avers that the USPTO records speak for themselves.

17.     Counter-Defendant admits the allegations contained in Paragraph 17 of the Counterclaim.

18.     Counter-Defendant denies the allegations contained in Paragraph 18 of the Counterclaim and avers that the USPTO records speak for themselves.

19.     Counter-Defendant denies the characterization of the judicial decision referenced in Paragraph 19 of the Counterclaim and avers that that the decision speaks for itself.

20.     Counter-Defendant admits the allegation in Paragraph 20 of the Counterclaim.

21.     Counter-Defendant denies the allegation in Paragraph 21 of the Counterclaim and avers that the USPTO records speak for themselves.

22.     Counter-Defendant admits that MM-ABG LLC was renamed to The Estate of Marilyn Monroe, but denies all other allegations in Paragraph 22 of the Counterclaim.  Counter-Defendant denies the characterization of that it used its rights under its registered trademarks in a way other than other valid trademark holders similarly situated would use their marks.  Counter-Defendant avers that to the extent this allegation implicates a claim under the Sherman Act, pursuant to the Court's Opinion and Order dated March 13, 2017, X One X's antitrust claim was dismissed and no answer is required. (*See* Dkt. 279).

23.     Counter-Defendant denies the characterization of the judicial decision referenced in Paragraph 23 of the Counterclaim and avers that the decision speaks for itself.

24.     Counter-Defendant denies the allegations in Paragraph 24 of the Counterclaim and avers that the USPTO records speak for themselves.

25.     Counter-Defendant denies the allegations in Paragraph 24 of the Counterclaim and avers that the USPTO records speak for themselves.

26.     Counter-Defendant denies the allegations in the first sentence of Paragraph 26 of the Counterclaim that EMMLLC registered all of the referenced trademarks in 2015, denies the second sentence, and avers that all registrations set forth therein are owned by EMMLLC and that the USPTO records speak for themselves.

## FACTS UNDERLYING COUNTERCLAIMS

27.     Counter-Defendant denies the allegations in Paragraph 27 of the Counterclaim.

28.     Counter-Defendant admits that Marilyn Monroe was one of the most photographed women of the 20th century, but lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Complaint, and, on that basis, denies them.

29.     Counter-Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint, and, on that basis, denies them.

30.     Counter-Defendant denies the allegations set forth in Paragraph 30 of the Counterclaim, and further avers that X One X has no claim against Salter, pursuant to the Court's Opinion and Order dated March 13, 2017.

31.     Counter-Defendant denies the allegations in Paragraph 31 of the Counterclaim.

32.     Counter-Defendant denies the allegations in Paragraph 32 of the Counterclaim. EMMLLC specifically denies the characterization that its lawful use and monitoring of its registered marks are used to "threaten", "intimidate", "discourage", or "prevent other lawful use of registered trademarks.  Counter-Defendant avers that to the extent this allegation invokes a claim under the Sherman Act, pursuant to the Court's Opinion and Order dated March 13, 2017, X One X's antitrust claim was dismissed and no answer is required. (*See* Dkt. 279.)

33.     Counter-Defendant denies the allegations in Paragraph 33 of the Counterclaim.

34.     Counter-Defendant denies the allegations in Paragraph 34 of the Counterclaim.

### FIRST CAUSE OF ACTION
### Cancellation of Trademark Registrations under 15 U.S.C. §§ 1052(f), 1064(3), 1119
### [Lack of Distinctiveness]

35.     Counter-Defendant incorporates herein by reference, responses to Paragraphs 1-34 of the Counterclaim.

36.     Counter-Defendant admits that Counter-Plaintiff's Counterclaim purports to allege an action for cancellation of trademark registration under the Lanham Act of 1946, 15 U.S.C. §§ 1052(f), 1064(3) 1119, for lack of distinctiveness, but Counter-Defendant denies any liability thereunder.

37.     Counter-Defendant denies the allegations of Paragraph 37 of the Counterclaim.[3]

38.     Counter-Defendant denies the allegations of Paragraph 38 of the Counterclaim.

39.     Counter-Defendant denies the the allegations in Paragraph 39 of the Counterclaim.

40.     Counter-Defendant denies the allegations in Paragraph 40 of the Counterclaim.

**SECOND CAUSE OF ACTION**
**Cancellation of Trademark Registrations under 15 U.S.C §§ 1052(e), 1064(3), 1119**
**[Functionality]**

41.     Counter-Defendant incorporates herein by reference responses to Paragraphs 1-40 of the Counterclaim.

42.     Counter-Defendant denies the allegations set forth in Paragraph 42 of the Counterclaim.

43.     Counter-Defendant denies the allegations set forth in Paragraph 43 of the Counterclaim and avers that the Court's Opinion and Order dated March 13, 2017 identified that this claim, "undercuts" the allegation in Paragraph 42 (*See* Dkt. 279 at 25.)

44.     Counter-Defendant denies the allegations set forth in Paragraph 44 of the Counterclaim.

45.     Counter-Defendant denies the allegations set forth in Paragraph 45 of the Counterclaim and denies the characterization of its Registered Marks as "purported marks."

46.     Counter-Defendant denies the allegations set forth in Paragraph 46 of the Counterclaim.

**THIRD CAUSE OF ACTION**
**Third Ground for Trademark Cancellation under 15 U.S.C §§ 1064(3), 1119**
**[Fraud]**

---

[3] Counter-Defendant avers that X One X's claim that the Contested Marks are generic is nothing more than an attempt to create a claim under 15 U.S.C. §1064(3) that V. International conceded would render 5 of the 12 Contested Marks incontestable. (*See* Dkt. 279 at 23) (noting that while the claim was not being dismissed "to be clear the Court harbors serious doubts that V. International will be able to establish that the Contested Marks are generic."). Counter-Defendant cites to the Court's finding that X One X's counterclaim with respect to distinctiveness is identical to V. International's counterclaim with respect to the same issue. (*See* Dkt. 279 at 41-42.)

47.     Counter-Defendant incorporates herein by reference, responses to Paragraphs 1-46 of the Counterclaim.  Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's third cause of action).

48.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's third cause of action).

49.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's third cause of action).

50.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's third cause of action).

51.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's third cause of action).

52.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's third cause of action).

53.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's third cause of action).

54.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant committed fraud on the USPTO under 15 U.S.C §§ 1064(3), 1119 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's third cause of action).

<u>FOURTH CAUSE OF ACTION</u>
**Attempted Monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. § 2**

55.     Counter-Defendant incorporates herein by reference responses to Paragraphs 1-54 of the Counterclaim.  Counter-Defendant avers that pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

56.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

57.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

58.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

59.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

60.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

61.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

62.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

63.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

64.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act

under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

65.    Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

66.    Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

67.    Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (See Dkt. 279) (dismissing X One X's fourth cause of action).  Counter-Defendants also aver that claims related to Leonard Green & Partners, L.P. ("Leonard Green & Partners) have been dismissed in full pursuant to the Court's Opinion and Order dated March 13, 2017. (*See* Dkt. 279)

68.    Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

69.    Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act

under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

70.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

71.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (See Dkt. 279) (dismissing X One X's fourth cause of action).

72.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization of Trade or Commerce in Violation of the Sherman Act under 15 U.S.C. §2 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fourth cause of action).

**FIFTH CAUSE OF ACTION**
**(Deceptive Business Practices – N.Y. Gen. Bus. Law § 349)**

73.     Counter-Defendant incorporates herein by reference, responses to Paragraphs 1-72 of the Counterclaim.  Counter-Defendant avers that pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fifth cause of action).

74.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in deceptive business practices under N.Y. General Business Law §349 was

dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fifth cause of action)

75.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fifth cause of action).

76.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fifth cause of action).

77.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fifth cause of action).

78.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fifth cause of action).

79.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fifth cause of action).

80.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in deceptive business practices under N.Y. General Business Law §349 was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's fifth cause of action).

<u>SIXTH CAUSE OF ACTION</u>
**(Nevada Unfair Trade Practices Act – Nev. Rev. Stat § 598A.060)**

81.     Counter-Defendant incorporates herein by reference, responses to Paragraphs 1-80 of the Counterclaim.  Counter-Defendant avers that pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization under the Nevada Unfair Trade Practices Act ("NUPTA") was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's sixth cause of action).[4]

82.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization under NUPTA was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's sixth cause of action).

83.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization under NUPTA was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's sixth cause of action).

84.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization under NUPTA was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's sixth cause of action).

85.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization under NUPTA was dismissed and as a result no answer is

---

[4] The Court noted that for the sixth cause of action in the Counterclaim, X One X simply "repackaged" its antitrust claims submitted as part of its dismissed fourth cause of action in the Counterclaim for a violation of the Sherman Act. (*See* Dkt. 279 at 12).

required. (*See* Dkt. 279) (dismissing X One X's sixth cause of action).   Counter-Defendants however, specifically deny the characterization of its Registered Marks as "purported trademark rights."

86.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization under NUPTA was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's sixth cause of action).

87.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization under NUPTA was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's sixth cause of action).

88.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant attempted monopolization under NUPTA was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's sixth cause of action).

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition – Nevada Common Law)**

89.     Counter-Defendant incorporates herein by reference, responses to Paragraphs 1-88 of the Counterclaim.   Counter-Defendant avers that pursuant to the Court's Opinion and Order dated March 13, 2017, the claim of unfair competition under Nevada common law was dismissed  and as a result no answer is required hereunder. (*See* Dkt. 279) (dismissing X One X's seventh cause of action).

90.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendants engaged in unfair competition under Nevada law was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's seventh cause of action).   Counter-Defendant however, specifically denies the characterization of its Registered Marks as "purported trademark rights."

16

91.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in unfair competition under Nevada law was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's seventh cause of action).  Counter-Defendant however, specifically denies the characterization of its Registered Marks as "purported trademark rights."

92.     Pursuant to the Court's Opinion and Order dated March 13, 2017, the claim that Counter-Defendant engaged in unfair competition under Nevada law was dismissed and as a result no answer is required. (*See* Dkt. 279) (dismissing X One X's seventh cause of action).

## RESPONSE TO COUNTER-PLAINTIFF'S PRAYER FOR RELIEF

Counter-Defendant denies the allegations in the prayer for relief in Counter-Plaintiff's Counterclaim, and that Counter-Plaintiff is entitled to any relief.

## COUNTER-DEFENDANT'S PRAYER FOR RELIEF

Counter-Defendant prays for judgment in its favor, recovery of its costs and attorneys' fees incurred in defending against this suit, and such other relief as the Court finds just and proper.

## AFFIRMATIVE DEFENSES

A.     Counter-Plaintiff fails to state a claim upon which relief may be granted.

B.     Counter-Plaintiff's Counterclaim is barred by the doctrine of unclean hands.

Dated: New York, New York
        March 27, 2017

                              /s/   Tamar Duvdevani

                              Gina L. Durham (*pro hac vice*)
                              DLA PIPER LLP (US)
                              P.O. Box 64807
                              Chicago, Illinois 60664-0807
                              Telephone: (415) 368-4000
                              Facsimile: (415) 659-7333
                              gina.durham@dlapiper.com

                              Tamar Duvdevani
                              DLA PIPER LLP (US)
                              1251 Avenue of the Americas
                              New York, New York 10020-1104
                              Telephone: (212) 335-4500
                              Facsimile:  (212) 335-4501
                              tamar.duvdevani@dlapiper.com

                              *Attorneys for The Estate of Marilyn Monroe,
                              LLC, Authentic Brands Group, LLC and James
                              Salter*