

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Tamar Y. Duvdevani
tamar.duvdevani@dlapiper.com
T   212.335.4799
F   917.778.8799

April 10, 2017

VIA ECF

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

**Re: A.V.E.L.A., Inc. v. The Estate of Marilyn Monroe, LLC et al, 12-cv-4828(KPF)(JCF): Discovery Status**

Dear Judge Failla:

Pursuant to the Court's March 13, 2017 Order, A.V.E.L.A., Inc. ("AVELA"), Leo Valencia, and X One X Movie Archive, Inc. ("X One X") (collectively, the "Counter-Claimants"), V International Fine Arts Publishing, Inc. ("V International"), The Estate of Marilyn Monroe, LLC ("EMMLLC"), James Salter, and Authentic Brands Group, LLC ("ABG"), write to advise the Court as to the status of discovery.  Counsel for each party has set forth their respective positions below.

**I. AVELA, X One X, and Valencia's ("Counter-Claimants") Statement re: Discovery Status**

**1. AVELA and EMMLLC's Claims**

AVELA maintains the following causes of action against EMMLLC: AVELA seeks a declaration of no infringement of a Monroe Right of Publicity; a declaration of no false association under the Lanham Act; a declaration of no unfair competition; a declaration that the Monroe Right of Publicity does not supersede one's copyrights; a declaration of no interference with existing contractual relationships or prospective economic advantage; and tortious interference of contract. (Dkt. 1.)

EMMLLC maintains the following causes of action against Counter-Claimants: (1) False association and unfair competition under 15 U.S.C. § 1125(a); (2) trademark infringement under 15 U.S.C. § 1114 and common law; (3) dilution under 15 U.S.C. § 1125(c) and N.Y. Gen. Bus.



The Honorable Katherine Polk Failla
April 10, 2017
Page 2

Law § 360-l; (4) common law unfair competition; (5) intentional interference with prospective economic advantage; and (6) alter-ego allegations against AVELA, X One X, and Valencia. (Dkts. 133, 215.)

**Previous Discovery**

To date, AVELA, Valencia, and EMMLLC have exchanged several rounds of written discovery. AVELA has conducted the deposition of EMMLLC's CFO, the partial deposition of EMMLLC, the partial deposition of EMMLLC's President, and a partial deposition of James Salter (EMMLLC and ABG's CEO). EMMLLC has deposed Valencia, AVELA, and several of AVELA's former licensees. AVELA and EMMLLC have exchanged expert reports regarding likelihood of confusion and EMMLLC's purported damages.

To date, X One X has responded to EMMLLC's Requests for Production and Interrogatories, but EMMLLC has not yet responded to X One X's written discovery requests in light of the Court's stay of discovery pending EMMLLC, Slater, and ABG's motion to dismiss. (Dkt. 278.)

**New/Incomplete Discovery**

Counter-Claimants intend to seek the following discovery in pursuit of AVELA's claims against EMMLLC, in defense of EMMLLC's causes of action, and in pursuit of Counter-Claimants' affirmative defenses[1]:

- Documents that reflect EMMLLC's control over the nature and quality of EMMLLC licensed products bearing EMMLLC's purported "Marilyn Monroe Intellectual Property."
- Contracts, agreements and communications between EMMLLC (and EMMLLC's predecessors) and any third-party individual, licensee, manufacturer, distributor, wholesaler and/or retailer relating or referring to the Marilyn Monroe Intellectual Property, including contracts with any holders of copyrights in images of Monroe.

---

[1] Counter-Claimants are represented by the same counsel, and AVELA and Valencia have been parties to this lawsuit since 2012 and have conducted discovery against EMMLLC. However, EMMLLC's discovery responses thus far as to the listed items are incomplete.



The Honorable Katherine Polk Failla
April 10, 2017
Page 3

- Communications, documents, and agreements from August 5, 1962 to the present related to Marilyn Monroe between Anna Strasberg, MMLLC, EMMLLC, or Authentic Brands Group, Leonard Greene & Partners, L.P. and/or Knight's Bridge Capital Partners Inc, Anna Freud Center, and/or CMG Worldwide, Inc. relating to EMMLLC or ABG's acquisition of any of the Marilyn Monroe Intellectual Property rights.
- An unredacted and complete copy of the last will and testament of Lee Strasberg.

Counter-Claimants' discovery goes directly to the issues of EMMLLC's claimed "exclusive ownership" of rights in and to Monroe's identity, persona, name and likeness, whether or not EMMLLC's purported intellectual property rights actually exist, whether or not the entity called "The Estate of Marilyn Monroe, LLC" actually owns any such purported rights, and EMMLLC's claims that its "Marilyn Monroe Intellectual Property" is buttressed by secondary meaning in the marketplace. These requests also go directly to whether or not Counter-Claimants may be held to infringe such purported rights. Counter-Claimants also intend to complete the depositions of EMMLLC, EMMLLC's President, and James Salter.

**2. X One X's Pending Counterclaims**

X One X's pending counterclaims against EMMLLC seek to cancel EMMLLC's registered trademarks (the "Contested Marks") under 15 U.S.C. § 1064(3) on the grounds that the Contested Marks are generic and on the grounds that the Contested Marks are functional. (Dkts. 257, 279.) X One X seeks the following discovery in pursuit of its counterclaims:

- Discovery regarding EMMLCC and Salters' affirmative defenses alleging X One X's counterclaims are barred by the doctrine of unclean hands;
- Discovery regarding EMMLLC and its predecessors' history of products purportedly bearing the Contested Marks and sales of merchandise and services bearing the Contested Marks;
- Discovery regarding EMMLLC and predecessors' efforts in acquiring, enforcing, promoting, and advertising the Contested Marks;
- Discovery regarding secondary meaning and whether or not the Contested Marks are famous, rather than Monroe herself;
- Discovery regarding any consumer studies linking the Contested Marks to EMMLLC.
- Discovery regarding unsolicited media coverage relating to the Contested Marks;
- Discovery regarding the purported exclusive use of the Contested Marks by EMMLLC and its predecessors;
- Discovery regarding the aesthetic appeal of the Contested Marks to consumers; and



- Discovery regarding all cease and desist letters sent by EMMLLC and EMMLLC's predecessors and all litigation involving the Contested Marks.

X One X anticipates serving written discovery on EMMLLC, conducting expert studies regarding the trademark cancellation claims, and noticing the 30(b)6 depositions of EMMLLC, Twentieth Century Fox, and any other entity maintaining trademark rights relating to Monroe.

### 3. X One X's Second Amended Counterclaims

In addition to X One X's pending counterclaims for trademark cancellation, on April 4, 2017, X One X filed its Second Amended Counterclaims against EMMLLC, ABG, and Salter (the "ABG Parties") for Deceptive Business Practices under N.Y. Gen. Bus. Law § 349 and alleging EMMLLC is an alter ego of ABG. (Dkt. 284.) Should this Court allow X One X to proceed with these amended counterclaims, X One X will seek additional discovery in pursuit of its alter ego and § 349 claims. As X One X's amended counterclaims do not add any additional parties and the ABG Parties are already named in this action, and these counterclaims predominantly involve similar facts to the pending causes of action. Thus, additional discovery on these amended counterclaims would not unfairly prejudice the ABG Parties and would not substantially delay resolution of this matter.

## II. V International's Statement re: Discovery Status

### 1. EMMLLC's Claims

EMMLLC maintains the following causes of action against V International: (1) False association and unfair competition under 15 U.S.C. § 1125(a); (2) trademark infringement under 15 U.S.C. § 1114 and common law; (3) dilution under 15 U.S.C. § 1125(c) and N.Y. Gen. Bus. Law § 360-1; (4) common law unfair competition; and (5) intentional interference with prospective economic advantage. (Dkts. 133, 215.)

To date, V International has responded to two separate sets of written discovery from EMMLLC, but EMMLLC has not yet responded to V International's written discovery requests in light of the Court's stay of discovery pending EMMLLC, Slater, and ABG's motion to dismiss. (Dkt. 278.). V International's owner and V International have also been deposed by EMMLLC. V International has not yet had any opportunity to conduct discovery in the instant action in defense of EMMLLC's claims against V International. V International intends to seek similar discovery as detailed above by X One X in defense of EMMLLC's causes of action and in pursuit of V International's affirmative defenses.



The Honorable Katherine Polk Failla
April 10, 2017
Page 5

### 2. V International's Counterclaims

V International's pending counterclaims against EMMLLC seek to cancel EMMLLC's registered trademarks (the "Contested Marks") under 15 U.S.C. § 1064(3) on the grounds that the Contested Marks are generic and on the grounds that the Contested Marks are functional, and V International additional has pending counterclaims against EMMLLC, ABG, and Salter for intentional interference with prospective economic advantage. (Dkts. 219, 279.)

V International intends to seek similar discovery as detailed above by X One X regarding V International's trademark cancellation claims, and in addition V International seeks the following discovery in pursuit of its interference counterclaim:

- Discovery relating to ABG, EMMLLC, and Salter's interference with V International's business relations;
- Discovery relating to ABG, EMMLLC, and Salter's intent and dishonest, unfair, and/or improper means in interfering with V International's business relations;
- Discovery relating to V International's damages as a result of ABG, EMMLLC, and Salter's interference, including, but not limited to, expert reports.

In connection with V International's counterclaims, V International anticipates taking the deposition of Salter in addition to the 30(b)6 depositions of ABG, Silver Buffalo, LLC, and Central Mills, Inc. d.b.a. Freeze.

### 3. V International's First Amended Counterclaims

In addition to V International's pending counterclaims for trademark cancellation and intentional interference with prospective economic advantage, on April 3, 2017, V International filed its First Amended Counterclaims against EMMLLC, ABG, and Salter for Tortious Interference with Existing Contractual Relationships, for Deceptive Business Practices under N.Y. Gen. Bus. Law § 349, and alleging EMMLLC is an alter ego of ABG. (Dkt. 282.) Should this Court allow V International to proceed with these amended counterclaims, V International will seek additional discovery in pursuit of its interference, § 349, and alter ego claims. V International's amended counterclaims do not add any additional parties, and these counterclaims predominantly involve similar facts to the pending causes of action. Thus, additional discovery on these amended counterclaims would not unfairly prejudice the ABG Parties and would not substantially delay resolution of this matter.



The Honorable Katherine Polk Failla
April 10, 2017
Page 6

### III. EMMLLC, Salter, and ABG's Statement re: Discovery Status

Discovery in this action is largely completed.  Over the last several years, the parties, including V. International, have engaged in multiple rounds of documentary and deposition discovery, including expert discovery.  Most, if not all, of the non-objectionable categories of discovery set forth above by Counter-Claimants and V. International have already been produced, including discovery regarding EMMLLC's trademark rights.[2]  While V. International is a relative newcomer to the action, the documents and depositions sought by it above have already been fully explored by its close affiliate and owner.

To the extent V. International seeks new discovery relating to the claims that were not dismissed on March 13, 2017 by the Court's Order, EMMLLC is willing to immediately begin completion of that discovery.  In addition, in light of V. International's claims against EMMLLC, EMMLLC will seek documentary and deposition discovery relating to those claims, which will include depositions of Liza Acuna, Leo Valencia, and additional V. International employees.

EMMLLC believes that all such discovery can be completed within 90 days.

In addition, EMMLLC, ABG, and James Salter are in the process of reviewing the amended claims filed on April 4, 2017 (Dkts. 282, 283), in connection with a possible motion to dismiss.  Should EMMLLC, ABG, and James Salter file a letter with the Court on or before April 24, 2017 requesting a conference for that motion, it is their position that any discovery on those pending claims be stayed pending resolution of the motion.

---

[2] While Counter-Claimants have newly added counterclaims that have survived dismissal pertaining to EMMLLC's trademarks, that subject matter has already been explored – indeed, this action began by AVELA filing a declaratory judgment challenging EMMLLC's intellectual property rights.



The Honorable Katherine Polk Failla
April 10, 2017
Page 7


Finally, regarding Counter-Claimants' statements above that only "partial" depositions of EMMLLC, its president (Mr. Woodhouse), and James Salter have been taken, EMMLLC directs the Court to Judge Francis' January 28, 2014 Order (Dkt. 67) wherein Judge Francis denied Valencia and AVELA's motion to take additional deposition testimony of those individuals. Accordingly, those depositions are completed.

Respectfully Submitted,

**Technology Litigation Center**
/s/ Michael R. Adele
Michael R. Adele
*Counsel for A.V.E.L.A., Inc., X One X Movie Archive, Inc., and Leo Valencia*

**Goodheart Law Offices**
/s/ Gregory J. Goodheart
Gregory J. Goodheart
*Counsel for V International Fine Arts Publishing, Inc.*

Tamar Duvdevani
/s/ Tamar Duvdevani
DLA Piper LLP
*Counsel for The Estate of Marilyn Monroe, Authentic Brands Group, and James Salter*

cc: Counsel of Record via ECF