UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.V.E.L.A., INC.,<br><br>Plaintiff,<br><br>-against-<br><br>THE ESTATE OF MARILYN MONROE LLC; and DOES 1 THROUGH 10,<br><br>Defendants | Case No.:  12 Civ. 4828 (KPF)(JCF)<br>ECF Case |
| THE ESTATE OF MARILYN MONROE LLC,<br><br>Defendant/Counter-Plaintiff,<br><br>-against-<br><br>A.V.E.L.A., INC., LEO VALENCIA, IPL, INC., X ONE X MOVIE ARCHIVES INC., and V. INTERNATIONAL FINE ARTS PUBLISHING, INC.,<br><br>Counter-Defendants | |
| V. INTERNATIONAL FINE ARTS PUBLISHING, INC.<br><br>Counter-Defendant/Counter-Plaintiff<br><br>-against-<br><br>THE ESTATE OF MARILYN MONROE, LLC,<br><br>Defendant/Counter-Plaintiff<br><br>And | |

| |
|---|
| AUTHENTIC BRANDS GROUP, LLC, and JAMES SALTER |
| Third Party Defendants |
| X ONE X MOVIE ARCHIVE, INC. |
| Third Party Plaintiff/Counter-Defendant/Counter-Plaintiff |
| -against- |
| THE ESTATE OF MARILYN MONROE, LLC, |
| Counter-Defendant |
| and |
| AUTHENTIC BRANDS GROUP, LLC, JAMES SALTER, and LEONARD GREEN & PARTNERS, L.P. |
| Third Party Defendants |

**MARILYN MONROE LLC AND AUTHENTIC BRANDS GROUP, LLC'S OPPOSITION TO MOTION TO CERTIFY THE JANUARY 30, 2019 OPINION AND ORDER FOR INTERLOCUTORY APPEAL AND TO POSTPONE TRIAL PENDING APPEAL**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ........................................................................................1

II. ARGUMENT .....................................................................................................................3

    A. Section 1292(b) Certification Is Highly Disfavored. ............................................3

    B. The AVELA Parties Present No Proper Issue To Be Certified. ...........................4

    C. There are No Grounds To Dispute This Court's Rejection of the AVELA Parties' Ownership and Validity Arguments.........................................................5

    D. Rule 1292 Certification Would Not Materially Advance This Litigation. ............8

III. CONCLUSION ..................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*,
   No. 12 Civ. 4828 (KPF), 2019 WL 367842 (S.D.N.Y. Jan. 30, 2019) ..........................*passim*

*Alphonse Hotel Corp. v. Tran*,
   No. 13 Civ. 7859, 2014 WL 516642 (S.D.N.Y. Feb. 10, 2014) ..............................................5

*Astaire v. McKenzie*,
   10 Civ. 4305, 2010 WL 2331524 (S.D.N.Y. Jun. 9, 201) .......................................................6

*Avalos v. IAC/Interactivecorp.*,
   No. 13 Civ.8351, 2014 WL 5493242 (S.D.N.Y. Oct. 30, 2014) .............................................7

*Capitol Records, LLC v. Vimeo, LLC*,
   972 F. Supp. 2d 537 (S.D.N.Y. 2013) ....................................................................................5

*In re Facebook, Inc., IPO Securities and Derivative Litigation*,
   986 F. Supp. 2d 428 (S.D.N.Y. 2013) ....................................................................................5

*In re Flor*,
   79 F.3d 281 (2d Cir. 1996) .....................................................................................................4

*Harding v. Borner*,
   581 F. App'x 14 (2d Cir. 2014) ..............................................................................................8

*Klinghoffer v. S.N.C. Achille Lauro*,
   921 F.2d 21 (2d Cir. 1990) .....................................................................................................4

*Koehler v. Bank of Bermuda Ltd.*,
   101 F.3d 863 (2d Cir. 1996) ...............................................................................................3, 4

*Kregos v. Associated Press*,
   937 F.2d 700 (2d Cir. 1991) ...................................................................................................6

*Mem'l Drive Consultants, Inc. v. ONY, Inc.*,
   29 F. App'x 56 (2d Cir. 2002) ................................................................................................8

*Shaw Family Archives Ltd. v. CMG Worldwide, Inc.*,
   No. 05 Civ. 3939 (CM), 2008 WL 4298548 (S.D.N.Y. Sept. 11, 2008) .................................7

*Stone v. Patchett*,
   No. 08 Civ. 5171, 2009 WL 1544650 (S.D.N.Y. June 3, 2009) .........................................3, 5

**Page**

*Sunoco, Inc. (R&M) v. 175-33 Horace Harding Realty Corp.*,
    697 F. App'x 38 (2d Cir. 2017) ...........................................................................................8

*United States v. Prevezon Holdings Ltd.*,
    No. 13 Civ.06326 (TPG), 2016 WL 187936 (S.D.N.Y. Jan. 15, 2016)...................................3

*Westwood Pharmas., Inc. v. Nat'l Fuel Gas Distribution Corp.*,
    964 F.2d 85 (2d Cir. 1992) ....................................................................................................4

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................... 1, 3, 4, 5

The Estate of Marilyn Monroe LLC (the "Estate") and Authentic Brands Group, LLC ("ABG") (the Estate and ABG collectively the "Estate Parties") respectfully submit this opposition to X One X Movie Archives, Inc. ("XOX"), A.V.E.L.A., Inc. ("AVELA"), Leo Valencia ("Valencia"), and V International Fine Arts Publishing, Inc.'s ("VIFA") (collectively the "AVELA Parties") Motion to Certify the January 30, 2019 Opinion and Order for Interlocutory Appeal and to Postpone Trial Pending Appeal (the "Motion").

## I.  PRELIMINARY STATEMENT

The AVELA Parties utterly fail to meet their burden to demonstrate that this Court's January 30, 2019 Opinion and Order, published at *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, No. 12 Civ. 4828 (KPF), 2019 WL 367842 (S.D.N.Y. Jan. 30, 2019) (the "Order"), presents such exceptional circumstances that it should be among the rare exceptions for immediate Second Circuit review. In particular, the AVELA Parties have not, and cannot, demonstrate that the Order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The AVELA Parties' Motion does not meet any of these criteria, and is rather a rehashing of the erroneous arguments that they have asserted throughout these many years of litigation to excuse their infringing conduct.

First, the AVELA Parties do not present an issue of overarching law, but rather two fact-specific questions: (1) does the Estate own valid rights in Marilyn Monroe's persona pursuant to the Lanham Act, and (2) does the Estate own valid trademarks in Monroe's name and signature. (ECF No. 402-1 (the "Mem.") at 1.) As such, the Motion does not present issues of controlling (or contrary) law, but rather asserts that courts have not decided this highly-specific fact pattern.

Such questions would require the Second Circuit to delve into the underlying record, and are thus not amenable to interlocutory review.

Second, even had the AVELA Parties presented appropriate issues for interlocutory appeal, no substantial grounds for dispute exists. To the contrary, courts in this Circuit have provided clear guidance to deal with the factual issues presented in the Motion, which this Court followed. *See* Order at *6-9, 13-14. And the AVELA Parties have presented no precedential decisions that run contrary to this Court's holdings, and instead cite to the same authority as in prior motion practice that relates to their ongoing – and irrelevant – arguments that Marilyn Monroe has no post-mortem right of publicity or connection to the Estate.

Third, the sought-after interlocutory appeal will not materially advance the ultimate termination of this long-pending action. To the contrary, the AVELA Parties filed their Motion a month after issuance of the Court's summary judgment order and the day that the Court set a trial date. As such, this case will likely be tried and ripe for post-judgment appeal before any Second Circuit interlocutory appeal is even heard. Indeed, the Motion also seeks to <u>delay</u> the trial date, which was set by the Court pursuant to the parties' joint "availability" letter, hours before the Motion was filed. As such, certification would not advance this case, but only further prolong this 2012-filed litigation.

Finally, the AVELA Parties assert that their Motion must be granted bcause absent such interlocutory appeal, they "will subsequently be unable to appeal [the issues raised in the Motion] after a final judgment." ( Mem. at 1; *see also Id.* at 10 ("If the Order is not certified for immediate appeal, it would leave Movants without an avenue to obtain review of the Court's summary judgment ruling…").) Because these statements are unsupported, the Estate Parties have no idea why the AVELA Parties believe that a partial summary judgment grant is not

2

appealable after a jury trial, but this is obviously not the case: once a jury renders its verdict and the case is ripe for appeal, the AVELA Parties are free to seek Second Circuit review of the ownership issues briefed in the Motion, to the extent they are raised in their pleadings and addressed in the Order.

As the Court has noted itself, this case has a long and tortured history, largely as the result of the AVELA Parties' numerous motions (several of which are based on the same issues set forth in the Motion) and revolving door of counsel. The instant Motion is yet another frivolous attempt by the AVELA Parties to delay final adjudication of this action, and, as such, should be denied.

## II. ARGUMENT

### A. Section 1292(b) Certification Is Highly Disfavored.

28 U.S.C. § 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals ... may thereupon, in its discretion, permit an appeal to be taken from such order....

Section 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). "Mixed questions of law and fact are . . . impermissible grounds for certification." *United States v. Prevezon Holdings Ltd.*, No. 13 Civ.06326 (TPG), 2016 WL 187936, at *2 (S.D.N.Y. Jan. 15, 2016) Rather, "[t]he question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Stone v. Patchett,* No. 08 Civ. 5171, 2009 WL 1544650, at *2 (S.D.N.Y. June

3

3, 2009). The Second Circuit has stated that Section 1292(b) certification should be "strictly limited because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)). As "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered," 1292(b) certification is only "reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler*, 101 F.3d at 865–66. As such, certification under section 1292(b) is to be granted sparingly. *Id.* at 866; *see also Westwood Pharmas., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 88–89 (2d Cir. 1992) ("urg[ing] the district courts to exercise great care in making a § 1292(b) certification" while observing that few interlocutory appeals materially advanced litigation).

### B. The AVELA Parties Present No Proper Issue To Be Certified.

As set forth above, the first requirement for certification of an interlocutory appeal pursuant to Section 1292(b) is that the issues presented must be controlling questions of law and, hence, must be purely legal. The AVELA Parties, however, seek certification of two questions that are factually specific to this case, both relating to whether the Estate owns certain intellectual property rights. (Mem. at 1.) In particular, the AVELA Parties claim that the Estate cannot assert a claim for Lanham Act false endorsement, and hold invalid trademark registrations in Monroe's name and signature. (*Id.*) Contrary to the AVELA Parties' assertions, these questions would require the Second Circuit to review this Court's application of the law to the facts of this case. Indeed, while the AVELA Parties give lip service to Section 1292(b)'s first requirement, they move on to discuss *their view of the facts* of the case that, e.g., the Estate did not purchase the rights at issue from Monroe's heirs, that no one utilized the right "for decades" following Monroe's death, and that there is "no evidence" that Monroe intended to pass down a

4

right to her persona. (Mem. at 3-4.) "That an application of legal principles is a matter of first impression to a unique set of facts, or that Defendants may differ in their view of the correct application of such legal principles, does not create a 'substantial difference of opinion.'" *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 986 F. Supp. 2d 428, 484 (S.D.N.Y. 2013). As such, the issues presented in the Motion do not qualify for Section 1292(b) certification. *See, e.g., Stone*, 2009 WL 1544650, at *2 ("[T]he questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented by the parties. Under these circumstances, such questions do not present issues of pure law, and therefore are not appropriate for interlocutory review."). The Motion fails for this reason alone.

### C. There are No Grounds To Dispute This Court's Rejection of the AVELA Parties' Ownership and Validity Arguments

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013). A mere disagreement or the possibility of a different outcome on appeal is not sufficient to show a substantial ground for difference of opinion. *See Alphonse Hotel Corp. v. Tran,* No. 13 Civ. 7859, 2014 WL 516642, at *4 (S.D.N.Y. Feb. 10, 2014).

In their Motion, the AVELA Parties assert that their presented issues are "either difficult and a matter of first impression, or reflect divergent results between the Order and rulings from other courts." (Mem. at 6.) The AVELA Parties are incorrect.

First, putting aside their factual nature, the issues presented in the Motion relating to the Estate's ability to bring a false endorsement claim are not difficult ones for the Court to decide, nor or are they matters of first impression. As explained in the Order, as well as in prior orders

5

of this Court and in multiple other decisions out of this District, Section 1125(a) claims for false endorsement are separate and distinct from claims for right of publicity violations. Order at *7-8. The AVELA Parties semantically rework their arguments that the Estate cannot bring a false endorsement claim because they cannot bring a right of publicity claim by stating that no courts have "issued rights in a deceased celebrity's persona, in perpetuity, to an entity completely unaffiliated" with that celebrity; that no case has set forth a standard for Section 43(a) claims "in the case of a deceased celebrity;" and that other cases have "only permitted a deceased celebrity's relatives or direct heirs to bring a false endorsement claim." (Mem. at 6-7.) But as explained in the Order, at least one other case relating to Bruce Lee's persona, also involving a Section 43(a) claim, was brought by a corporation, and, regardless, the fact that the Estate was not set up by the heirs of Ms. Monroe does not provide "any compelling justification for finding that the Estate Parties do not own Ms. Monroe's persona." Order at *9.

The AVELA Parties next argue that the Order conflicts with three District Court decisions finding that a plaintiff must demonstrate secondary meaning for a Section 43(a) claim. (Mem. at 7.) As a threshold matter, *Astaire v. McKenzie*, 10 Civ. 4305, 2010 WL 2331524, at *1 (S.D.N.Y. Jun. 9, 201), one of the cases cited by the AVELA Parties (a two paragraph order denying a temporary restraining order), does <u>not</u> hold that secondary meaning is required on a false endorsement claim as the AVELA Parties contend, but that rather, "[t]he Lanham Act does not create a right of publicity without *either* secondary meaning *or* likelihood of confusion" which are essential elements of a "trademark claim." (emphasis added). Moreover, any disagreement among district courts is not "conflicting authority" where, as here, a Second Circuit decision that was cited by this Court definitively states that secondary meaning is not required for a false endorsement claim. *See* Order at *7 (citing *Kregos v. Associated Press*, 937 F.2d 700,

6

710 (2d Cir. 1991) ("The fact that a proprietor fails to show sufficient secondary meaning in a mark to establish an infringement claim does not preclude his assertion of some other Lanham Act claim such as false designation of origin or false description.")).

The AVELA Parties also assert that the ruling is in conflict with *Greene v. CMG Worldwide,* a California district court decision, and two additional decisions out of this District. Two of these decisions relate to disputes with the former owner of Marilyn Monroe's rights and have nothing to do with the instant dispute[1], and the last one, *Avalos v. IAC/Interactivecorp.*, No. 13 Civ.8351, 2014 WL 5493242 (S.D.N.Y. Oct. 30, 2014), is both legally and factually distinguishable, as in that case, plaintiff photographer tried to assert a false endorsement claim where the underlying model was not involved in the suit and in fact objected to her name being used. *Id.*

Finally, the AVELA Parties make a bare assertion that there "exist substantial grounds for a difference of opinion" as to whether Section 1052(a) of the Lanham Act bars the Estate's trademark claims "where it is undisputed that Marilyn Monroe has no connection to [The Estate's] goods or services." (Mem. at 10.) With this assertion, incredibly, the AVELA Parties seek certification of a grounds that was not raised in their summary judgment motion nor addressed in the Order. Nor do the AVELA Parties provide any further rational or legal support that substantial grounds for a difference of opinion exists. The AVELA Parties accordingly fail to meet Section 1292(b)'s second requirement.

---

[1] Neither *Greene* nor *Shaw* hold that the Estate cannot bring claims for false endorsement. Citing *Greene*, the AVELA Parties, *again,* conflate false endorsement claims with those for right of publicity violations, and *Shaw* has nothing to do with the Lanham Act, but involves allegations that the copyright in photographs of Monroe have passed into the public domain. *Shaw Family Archives Ltd. v. CMG Worldwide, Inc.,* No. 05 Civ. 3939 (CM), 2008 WL 4298548, at *1 (S.D.N.Y. Sept. 11, 2008).

7

### D. Rule 1292 Certification Would Not Materially Advance This Litigation.

After nearly seven years, trial in this case is imminent. Discovery is concluded, summary judgment has been decided, and on March 1, 2019, the parties advised the Court that they are available for a jury trial sometime in late October or November 2019. (ECF. No. 398.) The Court subsequently set a trial date for November 4, 2019, which can presumably be completed before any decision by the Second Circuit, should it even agree to take up the issues on interlocutory appeal. The far better course would be to allow this case to (finally) go to trial and to have the AVELA Parties' fact-specific issues considered by the Second Circuit in the normal course. It is not in the interests of justice to prolong that trial, nor is there any merit to the AVELA Parties' misguided view that issues decided on summary judgment are foreclosed from appeal after a jury trial. *See, e.g., Sunoco, Inc. (R&M) v. 175-33 Horace Harding Realty Corp.*, 697 F. App'x 38, 39 (2d Cir. 2017); *Harding v. Borner*, 581 F. App'x 14, 15 (2d Cir. 2014); *Mem'l Drive Consultants, Inc. v. ONY, Inc.*, 29 F. App'x 56, 58 (2d Cir. 2002) (three examples, among many, of appeals of partial summary judgment grants after a trial).

### III. CONCLUSION

For the foregoing reasons, this Court should deny the AVELA Parties' Motion.

Dated: New York, New York
      March 13, 2019

                        /S/ *Tamar Duvdevani*_____

                        Gina L. Durham (*pro hac vice*)
                        DLA PIPER LLP (US)
                        P.O. Box 64807
                        Chicago, Illinois 60664-0807
                        Telephone: (415) 368-4000
                        Facsimile: (415) 659-7333
                        gina.durham@dlapiper.com

                        Tamar Duvdevani
                        DLA PIPER LLP (US)
                        1251 Avenue of the Americas
                        New York, New York 10020-1104
                        Telephone: (212) 335-4500
                        Facsimile:  (212) 335-4501
                        tamar.duvdevani@dlapiper.com

                        *Attorneys for The Estate of Marilyn Monroe, LLC, Authentic Brands Group, LLC and James Salter*